## Laughlin v. Stone.

1. The mode of acknowledging sheriff's deeds is regulated by Rev. Code, page 370, sec. 21—the clerk's certificate need not state. as in ordinary conveyances, that the grantor was personally known to him, &c.

2. In ejectment, where plaintiff claims under a sheriff's deed, defendant in ejectment, who was also defendant in execution, will not be permitted to set up an outstanding title in a third person.

3. Nor can such outstanding title be given in evidence in mitigation of damages—the measure of damages being expressly fixed by statutory provision. (Rev. Code, page 235, sec. 11.)

APPEAL in ejectment from Boone cricuit court.

*Wilson*, for appellant, insisted on the following points to reverse the judgment—motion for a new trial overruled:

1. That the court erred in permitting the judgment of Hart v. Laughlin without the declaration and other parts of the record.

2. That the court erred in permitting the deed from the sheriff to be read without further proof.

3. That the court ought to have rejected the certificate of the clerk.

4. That the court ought to have permitted the defendant to have given in the evidence offered.

5. The court erred in allowing full rents, &c. to be given.

6. That a new trial ought to have been granted.

*Kirtly*, for appellee:

I rely that Stone being the purchaser under an execution against Laughlin, regularly issued upon a valid judgment, is entitled to recover without going behind the

judgment; and that Laughlin, being in possession at the rendition of judgment, and up to the time of trial, cannot set up an outstanding title in bar of the action. This position is well sustained by the following authorities:—Mastin v. Bush, 10 J. R. 223; Klein v. Graham, 3 Cain's Rep. 188; Stone v. Scott, 18 J. R. 96; Scouber v. Jackson, 4 W. R. 62; Smith v. Pearce. 2 J. R. 221. Nor is the objection to the sheriff's return valid, (see 3 Star. E. 1357; R. v. Elkin, 4 Burns' R. 2129; 11 East, 297.) or to the sheriff's deed, (see 1 vol. L. M. page 369,) or to the amount of recovery. (See Stat. Mo. page 235.)

EDWARDS, Judge, delivered the opinion of the court.

This was an action of ejectment brought by Stone against Laughlin, to recover one hundred and sixty acres of land which Stone had purchased at a sheriff's sale, made under an execution issued on a judgment against said Laughlin in favor of one Hart.

On the trial, the plaintiff offered in evidence the sheriff's deed to himself for the land in question, conveying all the right, title, claim and interest of said Laughlin to said land, with a certificate of acknowledgment in these words: "State of Missouri, county of Boone, sct. Be it remembered, that on this fourth day of November, 1834, personally came into the Boone circuit court, whilst the same was in session, Thomas C. Maupin, late or ex-sheriff of Boone county, and acknowledged the within and foregoing deed, as late sheriff of said county, to be his act and deed, hand and seal, for the purposes therein mentioned, to the said Caleb Stone." The deed was recorded as required. The defendant objected to the reading of the deed as evidence, because the clerk's certificate of the acknowledgment was insufficient. The court overruled the objection, and the deed was read. The plaintiff then gave evidence to the jury that the defendant was in possession of the land in question for eight or ten years prior to the judgment aforesaid, and ever since had been and still was in possession. That about thirty acres of said land was in cultivation; and that the land in cultivation was worth about one dollar and a half per acre a year.

The defendant then offered to prove that the land in question was purchased from the United States by William Smith, and patented to him in fee simple by the United States, on the tenth day of January, 1828; that the legal title to said land had ever since been, and still was,

in said Smith, and that the defendant never had any title to the land. This evidence was objected to by the plaintiff and rejected by the court.

The defendant then offered to read to the jury, in mitigation of damages, the patent to Smith for said land. This was objected to, and rejected by the court. The defendant then moved the court to instruct the jury, that the plaintiff could only recover nominal damages. This instruction the court refused, and directed the jury "that if they found for the plaintiff, and that the defendant had notice of plaintiff's title, the plaintiff was entitled to recover the rents and profits of the land from the time the defendant was shown to have had notice of the plaintiff's title." To these opinions the defendant excepted. The questions arising upon this state of facts, are, 1. Was the certificate of the acknowledgment of the sheriff's deed sufficient? 2. Should the defendant have been permitted to set up an outstanding title in Smith? 3. Should the court have permitted the defendant to read Smith's patent in evidence in mitigation of damages?

The act regulating conveyances generally, provides "that the court or officer taking acknowledgment, shall in his or their certificate thereof, state that such person was personally known to him, or them, to be the person whose name is subscribed to such deed, or writing, as having executed the same, or that he was proved to be such by two credible witnesses."—S. M. 218, s. 10. It is otherwise with the act to regulate executions, under which the sheriff conveys. The latter act provides "that every sheriff, or other officer, executing any deed for lands, tenements, or hereditaments, sold by virtue of any execution, shall acknowledge the execution thereof before the circuit court of the county in which the estate therein conveyed is situate."—S. M. 370, s. 21. The same section provides that every deed so acknowledged and recorded "shall be received in evidence, in any court in this State, without further proof of the execution thereof." The certificate stated all that the statute required, and was therefore good.

The testimony offered by the defendant to show an outstanding title in Smith was properly rejected. It was in proof that the defendant had been eight or ten years, and still was, in possession of the land. He had evidently some right to the premises; if nothing more, he had the right of possession—a right subject to sale under execution—and to that right, under the purchase at the sheriff's sale, the plaintiff became entitled. He

acquired, under the sale, exactly such estate as the defendant had in the premises; if that estate was a tenancy at will, the plaintiff by the purchase became tenant at will; and the defendant *quasi* tenant at will to the purchaser. The defendant cannot set up an outstanding title to defeat a recovery by the plaintiff; nor can he make the objection that he has no title himself. This would not prejudice the landlord's right. The purchaser, in a suit by the landlord, would be estopped from disputing the landlord's title just as the original tenant would have been.—Jackson v. Bush, 10 J. R. 223; Klein v. Graham, 3 Cain's R. 188; Jackson v. Scott, 18 J. R. 94.

Nor can such outstanding title be given in evidence in mitigation of damages—the measure of damages being expressly fixed by statutory provision. (Rev. Code, page 235, s. 11.) The evidence offered in mitigation of damages was properly rejected. It could have been of no avail. The statute regulating the action of ejectment fixes the measure of damages. This provides that " when it shall not be shown on the trial that the defendant had knowledge of the plaintiff's claim prior to the commencement of the action," the plaintiff, if he prevail in the action, shall recover, by way of damages, the rents and profits from the commencement of the action down to the time of assessing the same.—R. C. 235, sec. 11. The damages assessed do not exceed the measure allowed by the statute. The instruction asked by the defendant was rightly refused, and the instruction given was rightly given. The judgment of the circuit court is affirmed.