No. 2,108.

## THE PEOPLE OF THE STATE OF CALIFORNIA, RESPONDENTS, v. SARAH H. FOX et al., APPELLANTS.

TAX SUIT.—SERVICE OF SUMMONS.—In an action to collect delinquent taxes, service by posting a copy of the summons on the real estate and improvements described therein, in compliance with Section 41 of the Revenue Act of May 17, 1861, is sufficient to authorize a judgment against the land and improvements so served.

IDEM.—ACT OF MAY 12, 1862.—The statute under which such service was made, is not superseded by the Act of May 12, 1862.

IDEM.—PERSONAL JUDGMENT.—When there is no appearance of the personal defendant, a judgment against him is erroneous, unless it is shown that he was personally served with the summons.

IDEM.—RETURN OF SHERIFF.—The return of service by the Sheriff, on the party in possession, where no appearance is made, is *prima facie* evidence that the person served was the person in possession within the meaning of the statute.

APPEAL from the District Court of the Third District, Santa Clara County.

The facts are stated in the opinion.

*Wm. Mathews,* for Appellants.

*First*—There was no service upon the defendants, and for that reason the judgment is unauthorized.

Mrs. Fox is sued as the owner of the real estate mentioned in the complaint. The real estate itself is described as "the interest, claim and possession of Sarah E. Fox," etc., to an individual interest in certain lands.

The language here employed is the language by which the possession of lands, as distinguished from ownership, is described in assessment rolls. (*People* v. *Shearer,* 30 Cal. 645; *People* v. *Frisbie,* 31 *Id.* 146; *People* v. *Cohen, Id.* 210.)

The record in this case affirmatively shows that Mrs. Fox was never served with process. The Sheriff returns that he has "used due diligence and inquiry to find the defendant, Mrs. Sarah E. Fox, and that *he was unable to find her* in this county."

*Second*—Mrs. Fox is sued as being in possession of the premises, the phrase used in the complaint to describe the land, being that generally adopted to indicate the claim or possessory right to the public land of the United States.

(*People* v. *Frisbie, supra.*) And the Sheriff, in serving the land, cannot leave the process with a stranger, when the complaint points to the defendant as the party in possession.

If it was desired to proceed *in rem* against the land, the mode of procedure is plain, and directs that a notice, in accordance with the requirements of the statute, should be posted at the Court-house door, or published in a newspaper for eight weeks. (See Stats. 1862, p. 522, Sec. 5, Hittell's Digest, 6476; Stats. 1863–4, p. 235, Sec. 1, * Hittell, 6481.) And the suit in that case must be against the property, and all owners, known or unknown. (*Mayo* v. *Ah Toy*, 32 Cal. 478.) This course was not pursued in the case before the Court.

*Jo Hamilton* and *Moore & Laine*, for Respondents.

The rule that all intendments are in favor of sustaining the judgment of superior Courts of general jurisdiction, and that to disturb such judgments it is not sufficient that error may have intervened, is settled upon authority. (3 Cal. 426; 10 Cal. 49.)

In the case of *Fisk* v. *Stockdale* (18 Cal. 219) a question like the one at bar was decided in favor of our position. The Court in that case say, in sustaining a judgment where the judgment roll did not contain evidence of service as required by statute (Pr. Act, Secs. 33 and 203), "the judgment does not depend upon the performance of the clerical duty of making up the judgment roll or the preserving of the papers." We call attention to this case, believing that it settles the case at bar in favor of the judgment. (See, also, *Harl* v. *Seixas*, 21 Wend. 40.)

*Second*—But should we be wrong as to the personal judgment against Mrs. Fox, we submit that the judgment must stand as to the real estate and improvements. The return of the Sheriff is perfect in every particular under our Practice Act and under the revenue laws. (Prac. Act, Secs. 28, 33 and 34; 2 Hittell, Art. 6190, Sec. 41.)

The complaint does not show that Mrs. Fox was in possession when the suit was brought. It simply describes the property as "that certain piece or parcel of land situate in

Santa Clara Township, Santa Clara County, State of California, and known and described as the *interest*, possession and claim of Sarah E. Fox in and to an undivided one-third of one-half, etc., also to the improvements thereon." This is not a statement that she was in possession when suit was brought, but it is a description of her property, her interest and right, which this Court has held taxable. (30 Cal. 645; 31 Cal. 146 and 210.)

The Statute of 1862, cited by appellant, is merely cumulative as to remedies, and not in contravention of that cited by us. (2 Hittell, Art 6480, Sec. 9.)

But there is another statute, which has been overlooked by the learned counsel for the appellant, that is conclusive of this case, viz: the Statute of April 4, 1864. (Statutes 1863–4, p. 399.)

The decree in the case at bar was drafted in conformity to the first section of this statute, as a comparison of the same with the statute will show. No default entry upon the complaint is required, nor is any reference, entry or order necessary, but after the time for answer expires it goes to the Court Commissioner, as a matter of law, who prepares the proper decree in the decree book, which, when signed by the Judge, becomes the decree of the Court.

TEMPLE, J., delivered the opinion of the Court:

Action to collect delinquent taxes in the County of Santa Clara. Judgment was entered for the plaintiff by default, and defendant appeals upon the judgment roll. It is claimed by appellant that there was no service of summons either upon the personal defendant, Mrs. Fox, or upon the real estate.

The return upon the summons in the judgment roll shows no service upon Mrs. Fox; and as there is no other proof of service upon her in the record, and she did not appear and waive service, this is conclusive. As to the land, the return states: "I personally served the annexed summons on the 30th day of January, A. D. 1868, on the real estate and improvements described in said annexed summons, by posting

a copy thereof in a public place on each parcel of said premises personally, at Santa Clara County, State of California, and also by delivering a true copy thereof to J. W. Crow, who I found in possession and occupying the same."

This return shows a literal compliance with Section 41 of the Act to provide revenue for the support of the Government of this State, passed May 17, 1861, under the provisions of which this suit is brought. That Act authorized a suit against the owner, and also against the real estate ; and to effect service upon the real estate does not require summons to be posted upon the Court-house door. That provision is expressly confined to service upon the personal defendant. Section 44 provides for a several judgment against the real estate and improvements when judgment cannot be had against the personal defendant, and when the real owner is not sued at all. This statute authorized the judgment rendered in this case against the real estate and the improvements.

The Act in relation to suits brought for the collection of delinquent taxes, passed May 12, 1862, expressly provides that the summons mentioned in Section 2 shall be in addition to the process theretofore provided by law. It therefore did not supersede the statute under which service was made in this case.

The fact that the real estate is described in the assessment and in the complaint as the "possession" of Mrs. Fox, is not an allegation that Mrs. Fox was in the actual possession, in the sense of Section 41 of the Act of May 17, 1861. The person or persons there mentioned are undoubtedly those actually occupying the land at the time of service. The return of the Sheriff, where no appearance is made, is *prima facie* evidence of the character of the person served ; that is, that he was the person in possession within the meaning of that Act.

The personal judgment is reversed, but the judgment against the land and improvements is affirmed.