ALICE HOGAN, Appellant, *v.* JAMES A. SMITH ET AL., Respondents.

December 20, 1881.

1. That the defendant, in an action to enforce the lien of the state for taxes, is merely the owner of a life estate in the land, and that the remainder-men are not made parties, does not make void a judgment rendered therein.

2. Such a judgment is entitled to the usual presumptions in its favor, and cannot be collaterally attacked in a proceeding by the defendant in the tax-suit to recover possession from the purchaser at the tax-sale.

3. A judgment in ejectment is not conclusive upon the parties, and is not a bar to a subsequent action between the parties, involving the same titles and defences.

APPEAL from the St. Louis Circuit Court, BOYLE, J.
*Affirmed.*
H. A. & A. C. CLOVER, for the appellant.
W. F. ROGERS, for the respondents.

BAKEWELL, J., delivered the opinion of the court.

This is an action of ejectment. The cause was tried by
the court, a jury being waived. There was a finding and
judgment for defendants.

It appears that Michael A. Hogan died owning real estate
in St. Louis, and leaving a widow, the plaintiff, and seven
children. The property in controversy was set apart to the
widow in partition as dower. At the October term, 1878,
the tax collector brought suit against Alice Hogan as
owner, and the city of St. Louis as holder, of a lien on the
property to enforce payment of delinquent taxes for 1876.
Judgment was rendered in this proceeding for taxes and
costs, and the property ordered to be sold. Defendant,
James A. Smith, bought at this sale under the execution,
and the sheriff executed to him a deed for the property.
Smith brought ejectment against Alice Hogan, obtained
judgment, and was put in possession.

This suit was begun in 1880. Plaintiff introduced the
proceedings in partition, the commissioner's deed to her,
and showed that the children of Hogan, deceased, were
alive when the tax-suit was begun. Defendant offered the
sheriff's deed to him, and the record and judgment in the
former proceeding in ejectment, and these were admitted
against plaintiff's objection.

Defendant contends that the first judgment in ejectment
was conclusive between the parties. At common law such
a judgment was never conclusive as to the title of either
party. Its only effect was to put plaintiff in possession ac-
cording to his right and title in the premises. Either
party might bring a new action. And so it has always
been held in Missouri. The judgment in ejectment is not

a bar, though the parties, titles, and defences are the same. There seems to be a *dictum* of Judge Adams to the contrary, in *Foster* v. *Evans* (51 Mo. 39), to which defendant refers. But the law as to this is well settled. *Dunn* v. *Miller*, 8 Mo. App. 467; *Kimmel* v. *Benna*, 70 Mo. 52.

The sheriff's deed was *prima facie* evidence of title, and that the matters stated in it were true. Rev. Stats., sect. 6839. The deed, however, recites that the proceedings under which the sale to defendant was made, were only against Alice Hogan and the city. It is contended that the statute contemplates a proceeding against the owner of the fee only; that the heirs who were remainder-men should have been made parties; that the sheriff's deed could not convey the fee, because Alice Hogan, the only owner made a defendant in the tax-suit, had only a life estate; and, that as the sheriff's deed could not convey the fee, it conveyed nothing.

The judgment of the circuit court in the tax proceeding was not, however, void. It had jurisdiction, both of the parties and of the subject-matter; and, though its jurisdiction in these tax proceedings is dependent upon a special statute, its proceedings in the matter are not summary. There is a right of appeal, and the proceedings of the circuit court, under the tax-law, have the characteristics of, and are entitled to the same consideration as, and attended with the same presumptions which attach to, its action when exercising its ordinary jurisdiction as a court of record. *Faulkner* v. *Guild*, 10 Wis. 572; *Hahn* v. *Kelly*, 34 Cal. 391; *Brown* v. *Walker*, *ante*, p. 226. That judgment cannot, therefore, be collaterally attacked in this ejectment proceeding. The judgment does not affect those who were not parties to it; but so far as Mrs. Hogan, who was a party to it, is concerned, it cannot, in this proceeding, be attacked by her in a collateral-way. She was served with process, and, if the judgment was irregular, she should have appealed. The statute provides, that the judgment shall decree that

the lien of the state shall be enforced and the real estate sold ; that the special *fieri facias* shall command the sheriff to take and sell the property, and that the sheriff shall execute a deed to the purchaser for the property sold. Rev. Stats., sects. 6838, 6839. It appears, therefore, that defendant, as against Mrs. Hogan, is entitled to the possession of this property, and the judgment of the circuit court should be affirmed. Judgment affirmed. Judge LEWIS is absent; Judge THOMPSON concurs.