## CHARLES A. GRITCHELL, Respondent, *v*. AUGUST KREIDLER, Appellant.

### June 27, 1882.

1. A proceeding to collect back taxes is not a proceeding *in rem.*
2. In a proceeding for back taxes the owner must be brought into court.
3. Notice to the trustee under a deed of trust of the pendency of a suit for back taxes on the mortgaged land is not notice to the holder of the notes.
4. The *cestui que trust* has a beneficial interest in the land, which does not pass under a sale for back taxes unless he was a party to the suit.
5. The maker of a deed of trust to secure notes is the owner of the property as in the case of a mortgageor.
6. In an action of ejectment the defendant against whom there has been a judgment and execution, cannot defeat a recovery of possession by setting up title in a third person under whom he holds as tenant.
7. ON A REHEARING. — Whatever rights of possession the defendant in execution has, the purchaser at a sale under the execution acquires.
8. The provisions of the statute concerning the expiration of the plaintiff's right of possession pending the suit, have no application to this case.
9. A defendant in execution cannot, as against a purchaser at the execution sale, set up a right of possession acquired between the date of the sale and the trial of the ejectment suit brought against him by the purchaser.

APPEAL from the St. Louis Circuit Court, LINDLEY, J. *Affirmed.*

HOLMES & TALBOT, for the appellant: A proceeding to enforce the state's lien for back taxes is not a proceeding *in rem.*—*Rankin* v. *Chandler*, 2 Brock. 125. The judgment in such a proceeding is binding only on the parties to the suit. — *Hogan* v. *Smith*, 11 Mo. App. 314. The beneficial owners must be made parties, and if not made so their interests will not pass under the execution sale. — Blackwell on Tax Tit. 631; *Doyle* v. *Bank*, 14 Ala. 622; *Hopper* v. *Malleson*, 16 N. J. Eq. 382.

S. HERMANN and G. D. BANTZ, for the respondent: In a suit for back taxes the only necessary party is the owner of the property. — Rev. Stats., sect. 6837. The owner of real estate is either the mortgageor or the trustee in the

deed of trust. The benficiary, or holder of the notes, is simply the owner of a chattel, and in no sense the owner of the land. — *Kennett* v. *Plummer*, 28 Mo. 142 ; *Johnson* v. *Houston*, 47 Mo. 227 ; *Potter* v. *McDowell*, 43 Mo. 93 ; *White* v. *Wear*, 4 Mo. App. 341 ; *Hubbard* v. *Gilpin*, 57 Mo. 445. An action for the enforcement of the state's lien, for taxes, under the present revenue act, is a proceeding *in rem;* and, when the proceedings are regular, conveys the fee, divested of all encumbrances placed on the property by the former owner. — Rev. Stats., sects. 6838, 6839 ; Blackwell on Tax Tit. (4th ed.) 630 ; *Delaney* v. *Gault*, 30 Pa. St. 63 ; *Pidgeon* v. *The State*, 36 Ill. 251 ; *Atkins* v. *Hinman*, 2 Gilm. 437 ; *Fager* v. *Campbell*, 5 Watts, 288 ; *Dunlap* v. *Gallatin County*, 15 Ill. 9 ; *Parker* v. *Baxter*, 2 Gray, 189 ; *Doe* v. *Gledney*, 8 Ga. 479 ; *Jones* v. *Devore*, 8 Ohio St. 431 ; *Anschutz* v. *McClelland*, 5 Watts, 490 ; Cooley on Tax. 358, 359, 360, *et seq*. The defendant in an execution, who is subsequently sued in ejectment, on a title acquired at the execution sale, cannot defend by showing an outstanding title. — *Matney* v. *Graham*, 59 Mo. 191 ; *Boyd* v. *Jones*, 49 Mo. 202 ; *Page* v. *Hill*, 11 Mo. 149 ; *Laughlin* v. *Stone*, 5 Mo. 43 ; *Hogan* v. *Smith*, 11 Mo. App. 314.

Bakewell, J., delivered the opinion of the court.

This was an action in ejectment, begun in May, 1880. The answer sets up that defendant, on September 1, 1875, being owner in fee of the premises in question, executed a deed of trust upon them, his wife joining in the conveyance, to one Bertram as trustee, to secure to Barbara Staedler a negotiable promissory note for $1,100, payable to her order three years from the date of the deed of trust, and also the interest notes. This deed was duly recorded. Afterwards, Mrs. Staedler died, and Harter qualified as her executor. At the maturity of the note defendant did not pay it, but agreed with Mrs. Staedler to occupy as her tenant, paying

rent to her. After her death defendant went on paying the rent to her executor. Bertram declined to execute the trust, and Wislizenus, having been appointed trustee in his place, at the request of the holder of the note, and in accordance with the terms of the deed, conveyed the property to Holmes, and executed and delivered to him a deed for the same. Defendant then attorned to Holmes, and is still in possession as tenant of Holmes. Before the foreclosure, suit had been begun in the circuit court of the city of St. Louis, under the back-tax law for back taxes on this property for 1877. This action was in the name of the state, to use of the collector, against defendant and Bertram, who was then trustee. Barbara Staedler was then dead, and her executor was not made a party. Judgment was rendered in this action on November 26, 1879, against defendants, finding the taxes claimed a lien upon this property, and ordering a special execution in accordance with the act of April 12, 1877, providing for the collection of delinquent taxes, and the amendments thereto. The premises were sold on April 27, 1880, under this execution, and plaintiff purchased, and received a sheriff's deed. After Mrs. Staedler's death, her executor, Harter, became owner of the notes. No one having any interest in the notes was made a party to the tax-suit.

Plaintiff demurred generally, that the facts set forth in the answer do not constitute a defence, and specially, that the beneficiary in the deed of trust is not a necessary party to a proceeding to enforce the collection of back taxes against real estate. The demurrer was sustained, and there was a final judgment for the plaintiff.

It is contended that no proceeding under the revenue law can affect the interest of one having any beneficial interest, whether legal or equitable, in the land sold for taxes, unless he be made a party to the proceeding.

Some of the states, as California, provide for a proceeding to collect taxes assessed against real estate which is

strictly a proceeding *in rem*. In such cases the tax-law is notice to everybody; and any person interested in the land must pay the tax, if he would protect the land. If the tax is not paid and there is a sale, an independent title vests in the purchaser, free from all liens, and every interest carved out of the fee. Blackwell on Tax Tit. (4th ed.) 630.

In such cases there is a provision for a judgment against the land, where the owner is not sued at all. *The People* v. *Fox*, 39 Cal. 624. Where the process is served on the thing itself, and this service authorizes the court to give judgment against the thing without notice to any individual, the proceeding is strictly *in rem*.

But the Missouri statute for the enforcement of payment of back taxes upon lands by suit, provides for service upon the owner as in ordinary suits, by summons, if he can be served; otherwise by publication. Rev. Stats., sect. 6837. The action is to be prosecuted against the owner of the property. The judgment (sect. 6838), "if against the defendant, shall describe the land;" a special *fieri facias* is issued upon it, and the judgment is a first lien upon the land; the writ commands the sheriff to sell the property, and the deed (sect. 6839) shall convey a title in fee to the purchaser.

The owner must be brought in or his rights are not affected by the sale. Accordingly, in the present case, Kreidler, who owned the fee, was made a defendant, and also Bertram, the original trustee under the deed of trust executed by Kreidler.

According to the modern doctrine, the mortgageor, until the mortgagee enters for breach, is the owner. This is true of an ordinary mortgage; but a deed of trust, according to the form used in this state, is also an absolute conveyance on its face, with the same condition of avoidance if the debt is paid. The addition of a person to sell without judicial proceedings does not change the nature of the instrument.

Bertram was a mere naked trustee; we do not see how notice to him can be regarded as notice to the beneficiary under the deed of trust. He was under no obligation to pay the taxes; nor, in assuming to act as trustee, did he incur any obligation of notifying the holder or holders of the negotiable promissory notes secured by this mortgage, of the pendency of any tax-suit against the property to which he might be made a party as trustee in the deed of trust.

The *cestui que trust* in the deed of trust was not, strictly speaking, an owner of the land; but he had a beneficial interest in it; and in order that that interest might be affected by the proceedings under the suit to enforce the taxes against the land, we think it was necessary that he should be made a party to the action. The legislature, in providing that the owner should be made a party, manifestly intended that the title should not be divested out of the beneficial owner of real estate without giving him his day in court. Such interest as Kreidler had in the land when the action was begun, passed by the sheriff's deed; but we do not think that the interests of the mortgagee, who was not a party to the proceeding, were affected by it. Whether the mortgagee or *cestui que trust* can be called an "owner," within the meaning of the word as used in the act, we need not examine. As the proceeding is not *in rem*, we do not see how it can affect those who are not parties or privies. If it was the intention of the legislature that the proceedings should have regard to the land rather than to the owners of the land, and that a sale should destroy all interests in the land, and pass title, free from all liens and encumbrances upon the former estate, this intention should have been clearly expressed. We have already said, in *Hogan* v. *Smith* (11 Mo. App. 314), that a judgment in a tax-suit does not affect those who are not parties to it.

It may be difficult, and indeed impossible in many cases, to make the holders of notes secured upon deeds of trust to

real estate parties to a proceeding of this kind; nor does it seem clear that they are proper parties, as the law provides for bringing in only the owners of the land, and they are not the owners of the land. But, if the law is defective or inadequate, it is for the legislature, and not for the courts, to supply the defect. We are not to extend the meaning of a statute beyond the words. Nor, where the law is written, are we called upon to give reasons why it is so, or why it is not otherwise. The owner being made a party, his interest passes by the sale. If that title is an equity of redemption, the joining with him as defendant the trustee in a deed of trust to secure notes for borrowed money, will not avail to pass the interest of the beneficiaries in that deed, because that trustee has a mere naked legal title held upon certain trusts defined in the deed creating them, and he cannot, by a sale, except as provided in the deed of trust, pass even his naked legal title. *Eitelgeorge* v. *Association*, 69 Mo. 52.

That there may be an outstanding title in a third person, cannot, however, help defendant in this action. The rule excluding a defendant against whom there has been a judgment and execution from defeating the purchaser's recovery of his possession by setting up a title in some third person, is founded in justice and policy. The purchaser acquires all the debtor's legal rights; and possession is a legal right. A court of law will not inquire what title the defendant, under such circumstances, has. He is precluded from making the objection that he has no title. *Jackson dem*. v. *Scott*, 18 Johns. 94; *Jackson dem*. v. *Bush*, 10 Johns. 222; *Laughlin* v. *Stone*, 5 Mo. 43; *Page* v. *Hill*, 11 Mo. 161. And so, where the plaintiff showed title by regular conveyance from the sheriff of the county, under execution, and established that before entry of the judgment, defendant had been, and then was, in possession, defendant was not allowed to show a deed from himself to a third person, six months before the judgment, and that that person claimed at the sheriff's sale, and that defendant disclaimed all inter-

est in the premises ; " because in ejectment by a purchaser at a sheriff's sale against a debtor who refuses to give up possession, the defendant cannot show title in another ; for the plaintiff comes into exactly such estate as the debtor had ; and if it was a tenancy, the plaintiff will be a tenant also, and estopped in a suit by the landlord from disputing his right, in the same manner as the original tenant who becomes *quasi* tenant at will to the purchaser." *Jackson dem.* v. *Graham*, 3 Caines, 188.

The demurrer, therefore, was properly sustained. Judgment affirmed. · All the judges concur.

BAKEWELL, J., delivered the opinion of the court on a rehearing.

The admitted facts are these : Defendant, in September, 1875, being owner in fee of the premises, executed a deed of trust in the nature of a mortgage to secure certain notes. There was a default in the payment of the notes ; and, by agreement, with the holder of them, defendant remained in possession as her tenant, paying rent to her, and, after her death, to her executor. The deed of trust was then foreclosed, and Mr. Holmes, on December 6, 1880, purchased at the foreclosure sale, and received a deed from the trustee. Defendant then attorned to Holmes, and was still in possession as tenant of Holmes at the date of this suit and of the judgment in the cause. Before this foreclosure, an action was begun under the back-tax law, for back taxes on this property. To this suit defendant and the trustee in the deed of trust were made parties ; but the *cestui que trust* in that deed of trust had no notice of the back-tax suit, and was not made a party to it. Judgment in the tax-suit was rendered in November, 1879, and the premises were sold in April, 1880, under special execution issued on this judgment, and were purchased by plaintiff, who received a sheriff's deed. The circuit court sustained the de-

murrer of the plaintiff to the answer in which these facts were set up as a defence.

We held that the tax-sale did not affect the interest of the mortgagee, and that only such interest as defendant Kreidler, the mortgageor, had in the land when the tax-suit was begun, passed by the sheriff's deed. This was the question which was decisive of the real interest of the parties, and the one to which we particularly directed our attention. We nevertheless affirmed the judgment, on the ground that Kreidler, the mortgageor, the defendant in this action, could not set up title in Holmes; that the purchaser at the tax-sale acquired all Kreidler's rights; and that the plaintiff, in obtaining judgment for possession in the suit at bar, would have come into exactly such estate as Kreidler had, and, if it was a tenancy, plaintiff would be tenant also, and estopped, in a suit by the landlord, from disputing his right. Appellant moved for a rehearing, and that the judgment be modified so as to affirm the judgment for damages and costs only. The cause was ordered for reargument on the question whether Kreidler, who, at the time that Gritchell purchased at the execution sale, was mortgageor in possession, having an equity of redemption in the premises, which, together with all rights of Kreidler to the property and possession, passed to plaintiff Gritchell at the execution sale, could set up as a defence to this action that, six months after the purchase by Gritchell, the mortgage had been foreclosed, and Kreidler had attorned to, and was now in possession as tenant of, the purchaser at the foreclosure sale, who acquired six months after the commencement of the present action of ejectment.

It is not disputed that in an action brought by a purchaser at a sheriff's sale against the defendant in the execution, the defendant, while still in possession, cannot resist upon the ground that he has a better title. Yet it would seem that this is what the defendant in the present

case does by his answer. He claims under a demise from Holmes, whose title, he says, is better than that of plaintiff. Whatever possession defendant in the execution had was purchased by the plaintiff, and he is entitled to recover it in this possessory action. We do not see how the case differs from that of *Lyerly* v. *Wheeler* (11 Ired. 22), on this point. There the plaintiff in ejectment claimed under a decree in equity on which execution was issued, and plaintiff had purchased at the sheriff's sale under that execution. Defendant offered to show that, before the date of this decree, he had conveyed the land in dispute to one Locke, in trust to secure a debt; that this trustee sold and conveyed the premises to one Chaffin, who leased the premises to defendant, and that defendant held under Chaffin at the date of the trial. This evidence was rejected on the grounds just stated.

We are referred to the statutory provision (Rev. Stats., sect. 2253), that, "if the right of the plaintiff to the possession of the premises expires after the commencement of the suit, and before the trial, verdict shall be returned according to the fact, and judgment shall be entered only for damages and costs." But we do not see that that section applies to this case. As plaintiff had purchased, at a sale under execution against defendant, all the rights of possession of defendant in the property, it does not appear how plaintiff's right of possession could have expired whilst defendant continued to have such right.

The contention of appellant is that, as plaintiff purchased only the equity of redemption which defendant had at the time of the execution sale, and as that was lost to defendant by the foreclosure, plaintiff, at that foreclosure, lost all rights to the property, and to possession. On this theory, if the purchaser at the foreclosure sale had at once conveyed the property back to the defendant, he might have set up the foreclosure as a complete defence to the present proceeding of plaintiff against him in ejectment. If de-

fendant could not do this in the case of a grant, we do not see how he can do it in case of a demise. It is against the policy of the law to allow the defendant in the execution to set up against the purchaser a right of possession acquired by him between the date of the execution sale and the judgment in ejectment.

The case of *Boyd* v. *Jones* (49 Mo. 202) seems to be in point. There the plaintiff in ejectment had purchased the land in question in November, 1865, under judgments rendered in 1864 against Jones, the defendant in ejectment. Jones was mortgageor in possession. He had executed a deed of trust on the property, and was in possession at the date of these judgments. He testified that the year the lands were sold under execution, and before their sale to plaintiff, which was in November, his (defendant's) son Thomas had cultivated the farm, hired hands, and disposed of the crops; that he (defendant) resided on the farm with his son, but was absent most of the time; and that, in the latter part of 1865, his son moved away, and defendant held possession for his son up to the date of the ejectment suit, by the acquiescence of the *cestuis que trust* and trustee of the deed of trust formerly executed by defendant. The deed of trust was foreclosed before the trial, and Thomas Jones, the son, purchased at that sale. The supreme court held that both this deed of trust and the deed of foreclosure to the defendant's son, were properly rejected on the trial; that, as the possession of the son was obtained from the defendant, his father, there was no change of possession to affect plaintiff; that defendant continued in possession as he had been before; and that neither Jones, the original defendant, nor his son (who had been made co-defendant), could show an outstanding title to defeat a recovery by the purchaser at the execution sale; but that, to assert his title, the son who purchased at the foreclosure must yield up the possession acquired from the defendant in the execution, and then bring his action of ejectment.

We are therefore of the opinion that the judgment heretofore rendered in this cause by us ought to stand. It is so ordered. All the judges concur.