BOATMEN'S SAVINGS BANK, Appellant, *v.* CHARLES H. GREWE, Respondent.

### February 27, 1883.

1. BACK TAXES — PARTIES TO THE ACTION. — A proceeding to collect "back taxes" does not affect the rights of those who are not parties to it.
2. —— A proceeding to collect back taxes is not a proceeding *in rem*, and the rights of the owner of the assessed property are not affected unless he is a party to the action.
3. —— SALES. — A sale under a judgment for back taxes does not pass the interest of a mortgagee who was not made a party to the action.

4. —— That a trustee in a deed of trust to secure the payment of notes is made a party to such a proceeding will not affect the rights of the maker of the deed of trust or of the *cestui que trust.*

5. —— That the maker of the deed of trust and the trustee are parties will not avail to pass the interest of the beneficiary who is not a party.

APPEAL from the St. Louis Circuit Court, LINDLEY, J. *Reversed and remanded.*

EDWARD C. ELIOT and LOUIS CHAUVENET, for the appellant : The law of 1877 for the collection of delinquent taxes provides for a proceeding *in personam,* and not *in rem.* — Rev. Stats., sects. 6836, 6837, 3465, 3466, 3499, 3500; *Gritchell* v. *Kreidler,* 12 Mo. App. 497 ; *Hogan* v. *Smith,* 11 Mo. App. 314 ; Waples on Proceedings in Rem, 3, 329, 343. In an action to enforce a lien upon specific property, all persons in interest must be joined as plaintiffs or defendants, or the interests of such persons are not affected. — Rev. Stats., sect. 3466 ; Bliss on Code Pl., sect. 103 ; *Powers* v. *Heath,* 20 Mo. 321 ; *Fleshman* v. *Shepard,* 30 Mo. 324 ; *Cornet* v. *Bertelsman,* 61 Mo. 118 ; *Abbott* v. *Lindenbower,* 42 Mo. 162. The holder of a note secured by a deed of trust upon land, has a beneficial interest in the land. — Washb. on Real Prop. *502; *McQuie* v. *Peay,* 58 Mo. 56 ; *Potter* v. *Stevens,* 40 Mo. 229. The trustee in the deed of trust does not represent this interest for the purpose of defending a suit to enforce a tax lien.— *Corrigan* v. *Bell,* 73 Mo. 53 ; *Eitelgeorge* v. *Mutual H. B. Assn.,* 69 Mo. 52. Whatever title was acquired by the purchaser at the sheriff's sale was divested by force of the deed executed by the trustee to plaintiff. No remnant of title remains in the said purchaser, and ejectment is the proper remedy against his grantee. — *McClurg* v. *Phillips,* 57 Mo. 214 ; Washb. on Real. Prop. *502.

HERMANN & REYBURN, for the respondent : " It is admitted that the defendants in the back-tax suit were duly served with process ; then all their right, title, and interest

in the land passed to the purchasers at sheriff's sale, and the present defendant is, and at the date of bringing this action was, owner of the same." — *Wellshear* v. *Kelly*, 69 Mo. 343 ; *The State ex rel.* v. *Bridge Co.*, 73 Mo. 442 ; *The State ex rel.* v. *Werner*, 10 Mo. App. 41.

BAKEWELL, J., delivered the opinion of the court.

This was ejectment for certain lands in the city of St. Louis. The cause was tried upon an agreed statement of facts. The finding and judgment were for defendant.

The facts agreed upon are as follows : —

Defendant is in possession. On June 1, 1876, one Mayfield owned the land in question, in fee, and conveyed the same to a trustee, to secure the payment of a negotiable promissory note which was duly assigned to plaintiff, who is the owner and holder of it for value. The deed of trust was duly foreclosed, and plaintiff purchased at the foreclosure sale, and received a deed from the trustee, on September 1, 1881.

At the June term, 1878, of the circuit court, the state, to the use of the collector, instituted suit against Mayfield, the trustee in the deed of trust, and against the original payee of the note, under the revenue law, to recover back taxes upon this land. Plaintiff had no notice of this suit and was not made a party to it. Judgment was rendered in this action, under which the property was sold by the sheriff, on February 26, 1880 ; under which sale, according to an amended return of the sheriff, Heimens & Walker purchased, and received deeds from the sheriff for, the property in question.

Grewe, the defendant, purchased from Heimens & Walker, and received deeds from them for the property in question, after their purchase at sheriff's sale.

The question presented by the record is, whether the purchasers at the sheriff's sale took subject to the mortgage, or whether the sale under the tax judgment conveyed the land

discharged of the incumbrance, though the *cestui que trust,* or mortgagee, had no notice of that action.

This question has been already examined by this court; and unless we are to overrule *Hogan* v. *Smith* (11 Mo. App. 314), and *Gritchell* v. *Kreidler* (12 Mo. App. 497), it is clear that this judgment must be reversed.

In *Gritchell* v. *Kreidler* we held that a proceeding under the statute (Rev. Stats., sects. 6837, *et seq.*) to collect back taxes, is not a proceeding *in rem,* and that the owner of the real estate must be brought in, or his interests are not affected by the sale; that the trustee under a deed of trust to secure the payment of promissory notes, is a mere naked trustee, and that notice to him is not notice to the holder of the notes; that the maker of a deed of trust is still the owner of the property conveyed, as in the case of an ordinary mortgage; and, that the *cestui que trust* in such a deed, though not the owner of the land, has a beneficial interest in the land conveyed to secure him; and, that, in a proceeding to collect back taxes under the existing law, where the owner of the land and the trustee in a deed of trust are made parties, the *cestui que trust* being not a party, the tax sale will not avail to pass the interest of the beneficiary in the deed of trust, and that the naked legal title of the trustee cannot be passed by a sale, except as provided in the deed of trust. We had already held, in *Hogan* v. *Smith* (*supra*), that a judgment in a tax suit does not affect those who are not parties to it.

We are now asked to reconsider these decisions; and counsel for respondent, in a very carefully prepared brief, argues with great ingenuity and ability against the view which we have announced. His argument is worthy of attention, and has received it, but we shall adhere to what we have decided.

The construction of the statute presents difficulties. These arise partly, perhaps from the fact that, whilst the whole theory of the law has been changed, some incongruous provisions of the law of 1872 remain unchanged.

But, taking a broad view of the subject, it is manifest that there are two classes of statutes for the collection of taxes. In some states the tax is a charge upon the land alone, with no resort against the owner or his personal estate. In these states the proceeding is strictly *in rem*. The tax law itself is notice, and the tax deed destroys all prior interests in the land, whether of incumbrancers, reversioners, or others. In other states, as in Missouri, the law requires the land to be assessed in the owner's name, authorizes a seizure of personalty for non-payment of the tax, and contemplates a sale of the land, as a last recourse, after other means of collection are exhausted. In this latter class of cases the tax laws have been construed that the sale by the collector passes only the interest of him who had notice of the proceedings. "Any other construction of laws containing such provisions," says Mr. Blackwell (Tax Tit. (4th ed.) 631), "would be in violation of the spirit which moved the legislature to enact them, and be the means of depriving innocent persons of their estates, — persons who had no notice of the proceedings, — and who, in consequence of this omission, can in no sense be regarded as delinquent." In the first class of cases, when the proceedings are *in rem*, the purchaser is required, ordinarily, to show the regularity of the proceedings. Under our law it is held that a sale under a judgment, in a proceeding to collect back taxes against real estate, is a judicial sale entitled to all the presumptions attending such sales, and that the judgment, as in ordinary judgments *inter partes*, is not open to collateral attack. *Wellshear* v. *Kelley*, 69 Mo. 343. To hold that such a judgment conclusively binds one who had no notice of it, and who was neither a party nor a privy to the action, seems to be contrary to recognized principles. If the proceedings were *in rem*, such a rule would be intelligible. Then, the state, exercising her sovereign power to levy and collect taxes under tax laws which have always been regarded as notice to the whole world (because the maxim is, that where no

one is bound to give notice, every person is bound to take notice), proceeds, without contemplating notice, and without having promised to give any. Her proceeding is against the property; and those holding the property, and those having interest in it, know that they must watch and protect their rights. But, where the law holds out a promise of notice, where the land is not to be sold except after a judgment rendered *inter partes*, where the owner of the land must be made a defendant and summoned, as in other civil actions, it is an obvious injustice to hold that the judgment is to bind persons who were not parties to, and had no notice of the action, but who have a beneficial interest in the land. And, after carefully considering the provisions of the law, we do not believe that it is the legislative intent that the judgment should affect those not made parties to it.

It is a difficulty, that the statute says that the judgment is a first lien upon the land. Sect. 6838. As to this, we do not controvert the power of the state to subject real estate to sale for taxes without any other or further notice than that contained in her revenue laws. But, where the revenue law itself provides for a collection of taxes by suit in the ordinary form of civil action against the owner of the property, this, we take it, is notice that the interests of those not made parties to the action are not to be affected by the judgment. The judgment could not, we apprehend, become a first lien upon the land if the title, legal and beneficial, to the property was in John Brown alone, and John Smith was the only person made defendant to the action. So, whatever interpretation is to be given to this language of the statute, as the proceeding is *in personam* and not *in rem*, it certainly was not meant to destroy all interests in the land by obtaining judgment against one tenant in common alone. Nor when the owner has conveyed his interest to a trustee to secure an indebtedness to a third person, do we think that the person who has conveyed

away, perhaps all his beneficial interest in the land, is to be regarded as "the owner," that is, the sole owner, within the equity of the statute, and that the mortgage is to be regarded as a mere lien which is to give way to the prior lien of the state, so that a sale under the judgment of the state against a man, who perhaps has mortgaged the land for more than it is worth, is to divest of all interest in the property, the mortgagee, who alone has any beneficial interest in the land, and who had no notice of the action.

If that is the meaning of the statute, it is in direct opposition to what has been long understood to be the policy of our laws as to facilitating the borrowing of money on real estate security. Such loans will certainly be looked upon with great disfavor. The argument *ab inconvenienti* is not a valid argument against the law, if the legislative meaning is clear, and the legislature has not exceeded its powers. But it is urged by the respondent's counsel from their standpoint, and I merely retort. *Retorqueo argumentum.*

If the view that we take is incorrect, it will be corrected by the tribunal of last resort. We shall leave the matter where it is. Much is to be said in favor of the view of respondents, and the matter is not free from difficulty, but we see no sufficient reason for departing from our former ruling in the matter.

It follows that the judgment ought to be reversed. It is so ordered, and the cause remanded. All the judges concur.