CHARLES A. GITCHELL, Appellant, v. FRED MESSMER,
Respondent.

May 29, 1883.

1. ACTIONS — BACK TAXES. — A proceeding for the collection of back taxes
is not a proceeding *in rem*.

2. BACK TAXES — PARTIES. — The owner's interest in real estate assessed for
taxation is not affected by a judgment in a proceeding to collect back
taxes, to which proceeding such owner was not a party.

3. —— EJECTMENT. — A judgment against a husband for back taxes on land
belonging to the wife, in an action to which she is not a party, and a
sale thereunder will not entitle the purchaser to recover in ejectment
against the husband who is tenant by the curtesy initiate.

APPEAL from the St. Louis Circuit Court, HORNER, J.
*Affirmed.*

HERMANN & REYBURN, for the appellants.

JOSEPH S. DOBYNS, for the respondent.

BAKEWELL, J., delivered the opinion of the court.

This was ejectment. The answer was not guilty. The
cause was tried by the court without a jury, upon an agreed
statement of facts. The finding and judgment were for
defendant. The action was originally against Socrates
Newman and Messmer, but plaintiff dismissed as to New-
man.

The facts are these: In 1855 Lina Vitalis owned the
land in question in fee. She then married Socrates Newman.
Children born of the marriage are living, and Newman and
his wife are now living. In 1865 Newman and wife leased
these premises to Bigelow & Jeffs, for ten years, these
lessees to pay all taxes. Jeffs assigned his interest in the
term to Bigelow & Griffin. The lease was forfeited for
failure to pay taxes. Bigelow became tenant from month
to month, in September, 1875, and until February, 1880,

when defendant, Messmer, became tenant from month to month, paying the monthly rent to Mrs. Newman. Newman made no return of the property; but during the years 1872, 1873, 1874, 1875, 1876, and 1877, it was listed for taxes in the name of Socrates Newman as owner, and Bigelow & Griffin, lessees.

In 1878 the state, at the relation of the collector, brought suit against Socrates Newman, Bigelow, and one Hilton, for back taxes on this property, delinquent for 1872, 1873, 1874, 1875, and 1876. In this suit, judgment was obtained in the usual form; and plaintiff purchased at the execution sale under that judgment, and received a deed from the sheriff, and brings this action for possession.

Hilton was a judgment-creditor of Socrates Newman, whose claim was satisfied. It appears, from what has been said, that Bigelow's interest in the premises had ceased before the present suit was commenced.

A proceeding under the existing revenue law to collect back taxes, is a proceeding *inter partes*, and not a proceeding *in rem*. It does not affect those not made parties to it. The owner of the real estate must be brought in, or his interests are not affected by the sale. *Boatmen's Bank* v. *Grewe*, 13 Mo. App. 335; *Gritchell* v. *Kreidler*, 12 Mo. App. 497.

Mrs. Newman owned the property in question in fee. Her husband was tenant by the curtesy initiate. The husband is jointly seized of his wife's estate. During the existence of the coverture, he is not tenant by the curtesy, but only seized by right of his wife. If there be a disseisin, it is of the joint estate. He is not solely seized for life of his wife's lands, but jointly with her. His possession is her possession. It is as her protector and representative that he is entitled to possession of her lands. *Valle* v. *Obenhause*, 62 Mo. 81; *Bledsoe* v. *Simms*, 53 Mo. 308. And, under the statute, the interest of the husband in his

wife's lands can not be sold for his sole debts ; nor can the rents be seized for his debts ; nor can he, without her concurrence, sell the rents of her land, nor the land, or any interest in it, which he acquired by marriage ; nor release the tenant of any obligation incident to his tenancy. Rev. Stats., sect. 3295 ; *Silvey* v. *Summer*, 61 Mo. 253.

If plaintiff could recover in the present action, he would dispossess, not Socrates Newman, the defendant in the execution under which plaintiff purchased, but Mrs. Lina Newman, who is a stranger to the action in which the judgment was rendered under which plaintiff claims. On the undisputed facts of the case Mrs. Newman appears to have the title to the property on which defendant has levied his execution ; and to be in possession through her tenant. We think that it conclusively follows, from what has been determined by this court in *Gritchell* v. *Kreidler*, 12 Mo. App. 497; that, upon the facts of this case, plaintiff is not entitled to dispossess Mrs. Newman. If Socrates Newman had had a life estate, and Lina Newman the remainder, a different case would be presented. But the fact is that Mrs. Newman is in possession, and the land is hers. The right to her land, which her husband acquired by marriage, was not a life estate carved out of her interest in the land. As she was not a defendant to the tax suit, her interests are not affected by the judgment, and none of her rights in the land passed to the plaintiff by his purchase under the execution issued upon that judgment.

We think that the judgment is for the right party, and that it should be affirmed. It is so ordered. All the judges concur.