## THOMAS ARBUCKLE V. KILBURN B. WALKER.

*Ejectment. Possession. Husband and wife.*

1. When the grantee, without disclaimer, enters into the possession of premises whose boundaries have been definitely and permanently marked by the grantor, his possession will be co-extensive with such bounds.

2. The defendant owned a building lot, the boundaries of which he marked by permanent monuments, and upon which he erected a dwelling. Subsequently he conveyed to his wife and thereafter occupied in her right. One line as indicated and a portion of the cornice of the house were upon the plaintiff's land. *Held*, that ejectment would not lie against the defendant husband alone.

Ejectment. Heard upon the report of a referee at the September Term, 1889, Chittenden County, Munson, J., presiding. Judgment *pro forma* for the plantiff. The defendant excepts.

The opinion states the case.

*W. G. Shaw* and *Wales & Wales*, for the defendant.

The defendant occupied the premises only in the right of his wife. He was not therefore in possession in such a sense that an action of ejectment could be maintained.

The judgment could not be enforced.

*Hodson* v. *Van Fosson*, 26 Mich. 68; *Gilchrist* v. *Messmer*, 14 Mo. App. 83; *Marvin* v. *Dennison*, 20 Vt. 662; *Stevens* v. *Griffith*, 3 Vt. 448; *Skinner* v. *McDaniels*, 4 Vt. 418.

*Hard & Cushman*, for the plaintiff.

The reported facts show a sufficient ouster by the defendant to sustain this action on the part of the plaintiff.

Boone R. P. § 21; *Banyer* v. *Empie,* 5 Hill 48; *Chilson* v. *Buttolph,* 12 Vt. 231 ; *Murphy* v. *Bolger,* 60 Vt. 723.

The opinion of the court was delivered by

ROSS, J. The plaintiff and defendant's wife own and occupy adjoining premises in the city of Burlington. The action is ejectment to establish the line between their premises, and to put the plaintiff into possession of his premises, as found to exist, by such established line. The defendant once owned the premises now occupied by his wife. While holding the title to the premises, the defendant erected a house thereon, and set a line of stones, denominated coping, to mark the street line of the lot. The north end of the coping, and northerly edge of the cornice of a portion of the house project over the line of the lot, as found by the referee, upon the premises of the plaintiff. Subsequently to the making of these erections by the defendant, by proper conveyances, the title of this lot became vested in the defendant's wife. Thus the title stood when this action was commenced. Since the title became vested in her, she and the defendant, as her husband, have occupied the house thus located, and the lot thus marked on the front line by the coping, for a residence, and as found by the referee, " He taking care and charge of it, paying taxes, procuring and paying insurance, and treating the property to all outward appearances as his own, except that he does the business in her name whenever the name of the owner has to be used; but has not claimed any interest in the property, or any right to occupy it, except as the husband of the said Augusta M."

The reference in the amended report, to some of the testimony on which the referee made this finding, does not vary it. This court is concluded by the facts found by the tribunal, selected by the parties. This finding is to the effect that the possession which the defendant had of the disputed premises, when the suit was commenced, was in his right as husband. To recover in ejectment, the plaintiff must prove the defendant in possession

at the time the action is commenced. *Evarts* v. *Dunton*, Brayt. 70; *Stevens* v. *Griffith*, 3 Vt. 448; *Skinner* v. *McDaniel*, 4 Vt. 418.

The plaintiff contends that the wife's possession, under her deed, was within the true lines of the lot, and that this finding should not be considered as extending her possession beyond such lines; and that the possession beyond the true line upon the plaintiff's lot, is the possession of the husband in his own independent right. When the grantee under a deed, without disclaimer, enters into possession of premises whose boundaries have been definitely and permanently marked by the grantor, his possession is co-extensive with such bounds. The wife made no disclaimer when she took possession under her deed. The north line of the lot was then marked by permanent monuments, placed by the husband when the title was in him. These monuments were the extreme north end of the coping and edge of the cornice of the northerly portion of the roof of the house. On the facts found her possesion extended to the line connecting these monuments. Especially is this true, when it is found that the husband has claimed and exercised acts of possession to the line thus marked, but only in his right, as such husband.

The plaintiff also contends, that he is entitled to a judgment against the defendant alone, even if his possession is referable to his right thereto as a husband. This contention is made to rest partly upon the ground that the wife would not be bound, nor injured by such judgment; that no writ of possession to recover the invaded premises could issue against her, nor disturb her in her possession thereof. But if a writ of possession should issue, on such judgment, against, and be served upon, the husband, it would bring no beneficial result to the plaintiff. The husband's right in, and possession of, his wife's real estate are not independent of, but attached, subservient to, and inseperable from the wife's right and possession. His right and possession begin and end, when her right and possession begin and end. They cannot

Arbuckle *v.* Walker.

be severed, any more than the martial relation can, and still exist. If judgment should be rendered, and a writ of possession be issued against him, while the writ was being served upon him, his right and possession in his wife's premises would still exist, because they exist solely in the right and possession of his wife, which cannot be effected by a judgment, nor its execution, to which she is not a party. Such judgment, and its execution, would be wholly futile and unavailing to the plaintiff. They would neither establish the plaintiff's title to the land in dispute, nor put him in possession thereof. As announced in *Hodson* v. *Fossen*, 26 Mich. 68, "The continuance of her right and possession includes the right that her husband may occupy with her, and this cannot be taken away by an ejectment process against him alone." To the same effect is *Gitchell* v. *Messmer*, 14 Mo. App. 83.

*The judgment of the County Court is reversed and judgment rendered for the defendant to recover his costs.*