DILLON *et al.*, Defendants in Error, v. RASH, Plaintiff in Error.

1. An execution issued by a justice of the peace can not regularly be returned before the return day thereof; should it be returned *nulla bona* by the constable, and a transcript of the judgment of the justice be filed in the office of the clerk of the circuit court, and an execution be issued by said clerk upon said certified judgment before the return day of the execution issued by the justice, the circuit court should quash such execution.

*Error to Atchison Circuit Court.*

A judgment was rendered by a justice of the peace against one Rash. On the 2d of March, 1858, an execution was issued by said justice on said judgment. On or about the 27th of March, the constable returned said execution endorsed " no goods and chattels found," &c. On said 27th of March, an execution issued from the office of the clerk of the Atchison circuit court upon a transcript of the said judgment, returnable to the April term, 1858, of said court. This execution was levied on certain real estate of defendant Rash, who moved the court to quash said execution. The court overruled the motion.

*Loan*, for plaintiff in error.

I. The execution issued without the authority of law. The execution could not be legally returned by the constable before the time limited by the writ for its return, so as to authorize an execution to issue from the office of the clerk of the circuit court. (See 5 Wend. 276 ; 9 Wend. 368.)

*Patterson*, for defendants in error.

SCOTT, Judge, delivered the opinion of the court.

The conduct of the plaintiffs in this proceeding has very much the appearance of a design to deprive the defendant of an advantage secured to him by law, and we see no reason why they should not have been arrested in their course. The

law was made as well for defendants as for plaintiffs. Whilst it does justice to the creditor, it also intended to show a little indulgence to the debtor.

It is well known that the periods between the date and return of executions in justices' courts were fixed with a view to give defendants a little time to prepare for their payment. Formerly, all executions from justices' courts, without regard to their amount, were returnable in thirty days. The law has since been changed for the relief of defendants.

We are not prepared to say that a sale under an execution founded on a *return* like that in the present case would be regarded as a nullity in a collateral action, when the interests of third persons were involved. That is not the question here. The motion made in this cause, if it had been successful, would have prevented the occurrence of such a question, and as the proceeding was irregular it should have been sustained. Regularly, an execution can not be returned before the return day. If search is made and no property is found, it does not follow but that the defendant may have property before the return day of the execution. He may acquire it after the return is made. Under such a construction of the statute as has been given, a judgment may be obtained, a transcript filed, an execution issued and returned, and an execution awarded from the office of the clerk of the circuit court and levied, all on the same day, with a view to be enabled to sell the real estate of a defendant at a circuit court that is only twenty or thirty days ahead.

It does not appear that there is any supersedeas in this case. If the execution from the circuit court has been executed and a person other than the plaintiffs has become the purchaser of the land and received a deed, other considerations may arise than those which grow out of the present motion.

In want of knowledge how the matter stands, the judgment will be reversed and the cause remanded. The other judges concur.