Boyd et al. v. Jones et al.

———————◆———————

S. S. BOYD *et al.* Respondents, *v.* ALFRED JONES *et al.*, Appellants.

1. *Sheriff's deed — Sale after return term, etc.* —The deed of a sheriff is not invalid because its recitals show that the land conveyed had been levied on by his predecessor in office more than a year before, when it further shows that the lands were sold at the first term at which sale could be made.

2. *Ejectment — Execution sale — Outstanding title.* —Defendant in an execution cannot defeat an action of ejectment brought against him by a purchaser at the execution sale, by setting up an outstanding title. And the same rule obtains in case of one claiming under such title, where he had acquired possession under defendant in the execution. If he wishes to assert his title he must first yield his possession so acquired from defendant in the execution, and then bring his action of ejectment.

*Appeal from Lafayette Circuit Court.*

*E. L. King & Bro.*, for appellants.

There are no recitals in the deed as to how Price got out of office, or showing that Adamson had any authority to make this deed. If Price was out of office as contemplated by section 58 of the execution law (Wagn. Stat. 612, § 58), then it was clearly

the duty of Adamson to receive the executions, "and proceed to execute the same in the same manner as if such writs had been originally directed to him;" and to do this he must have made a levy, which he did not do, or at least there is no recitation that he did. If Price was out of office as contemplated by section 60 of the execution law (Wagn. Stat. 613, § 60), then he should have gone on and made the sale and deed; and if he could have done so, then Adamson could not, because both could not exercise the same power at the same time. If Price was out of office as contemplated by section 61 of the execution law (Wagn. Stat. 613, § 61), then in making a deed he should unquestionably have recited that Price had died, or had been removed from office, or was otherwise disqualified from acting, reciting even how or in what way he became disqualified from acting, so that it would appear clear upon the face of the deed that the predecessor was disqualified, and also that he (Adamson) had authority to make the deed. The deed of the sheriff should have contained all the necessary recitals to show clearly and beyond question that the law had been complied with, and that the officer had the authority to make the sale and deed; this deed, being deficient in these particulars, should not have been admitted in evidence.

*Wallace & Mitchell*, for respondents.

I. A defendant in execution, and those acquiring possession under him, cannot defeat the recovery in ejectment of the purchaser at sheriff's sale by setting up an outstanding title. The reason of the rule, say the authorities, when applied to the defendant in the execution, is obvious enough. The purchaser buys the possession, if nothing more, and the defendant must give up the possession; and a person holding under the defendant in the execution, or getting possession from him, stands in no better attitude than the defendant in the execution. (Jackson *ex dem.* Klein v. Graham, 3 Caines, N. Y., 188–9; Laughlin v. Stone, 5 Mo. 43; Page v. Hill, 11 Mo. 161–3; Maston v. Bush, 10 Johns. 223; Jackson *ex dem.* Witherell & Hyde v. Jones, 9 Cow. 192–3; Jackson v. Scott, 18 Johns. 94.) The reason of the rule equally applies where the defendant has in the mean

time, after execution sale, delivered up possession to another. (10 Johns. 224; Page v. Hill, 11 Mo. 162–3.)

II. The sheriff's deed, offered and read in evidence by respondents, contains all the recitals required by the statute, and is evidence of the facts therein stated. (Wagn. Stat. 612, § 54; McCormick v. Fitzmorris, 39 Mo. 24.) This deed is not impeached by appellants, and is conclusive, in this case, as to the facts recited therein. (Stewart v. Severance et al., 43 Mo. 322, 332.)

III. The successor to a sheriff must proceed to do all things remaining to be done in relation to execution of process commenced and partly executed by his predecessor. (Duncan v. Matney, 29 Mo. 368; Carr v. Youse, 39 Mo. 346; Wagn. Stat. 611, § 51; Jeanes v. Wilkins, 1 Ves. Sr. 195; Merchants' Bank of St. Louis v. Harrison et al., 39 Mo. 333, 443.)

ADAMS, Judge, delivered the opinion of the court.

This was an action of ejectment for lands in Lafayette county, brought by respondents, as purchasers at execution sale, against the appellant, Alfred Jones, defendant in the judgment and execution under which the sale was made. Thomas Jones was, after the commencement of the suit, on his own application, made a co-defendant. The answer denied the respondents' right to the possession, etc. The respondents, to maintain their right to the possession, produced a sheriff's deed, the recitals of which show that at the May term, 1864, several judgments had been rendered in the Lafayette Circuit Court against Alfred Jones, and that executions issued on these judgments, and were put into the hands of the then sheriff, Price, who levied the same on the lands in dispute, and, before any sale, delivered the said executions to his successor, Adamson, who sold the lands under those executions at the November term, 1865 — that being the first term at which a sale could be made — having given due notice of such sale and the respondents became the purchasers.

When this deed was offered as evidence the defendants objected, alleging as reasons for its exclusion, "that the sale was not made upon proper notice, nor by the proper officer, nor upon a

proper levy." But the court overruled the objection and suffered the deed to be read in evidence, and the defendant excepted.

The respondents introduced several witnesses who testified that the appellant Jones, for several years before the judgments, was in the actual possession of the premises, residing there, and continued in such actual possession down to the time of the trial, being then as before in actual possession. And on the part of the appellants, Alfred Jones testified that his son Thomas Jones took possession of the premises in the year 1865, cultivated the farm that year, hiring two hands to work for him, and disposed of all the proceeds of the crop; that he, Alfred Jones, resided with him, but was at home very little; was absent most of the time trading in stock at St. Louis and other places, and that his son Thomas, in the latter part of the year 1865, removed to Louisiana, requesting him, Alfred Jones, to hold possession for him, Thomas Jones, which he said he did by the acquiescence and consent of McGirk, the trustee under a deed of trust made by the said Alfred Jones and others, creditors of said Alfred Jones, and that he held possession in this way until the time of bringing this suit.

It is evident from this testimony that there was in reality no change of possession. Alfred Jones continued in possession as he had done before, or if Thomas Jones had any possession at all it was obtained from Alfred Jones.

The appellant offered in evidence the deed of trust above referred to, and also a deed which was made by the trustee, McGirk, to Thomas Jones, as purchaser under the deed of trust, this last deed being made after the commencement of this suit. These deeds were excluded by the court, and appellants excepted.

We see no objection to the sheriff's deed. (See Stewart v. Severance *et al.*, 43 Mo. 322.) It certainly passed all the title the defendant in the execution had at the time of the rendition of the judgments. Alfred Jones had no right to show an outstanding title to defeat the recovery of these lands by the purchasers at execution sale, and his son Thomas Jones, who obtained possession, if any, from him, was in the same condition. If he wished to assert his title he must first yield up the possession

acquired from the defendant in the execution, and then bring his action of ejectment.

It is against the policy of the law to allow an execution purchaser to be deprived of his rights by such a defense as was set up in this case. (See Page v. Hill, 11 Mo. 149.)

The judgment of the Circuit Court is affirmed. The other judges concur.