## REED v. LOWE, Appellant..

### Division One, June 12, 1901.

1. **Justice of the Peace: EXECUTION: RETURN IN LESS THAN NINETY DAYS.** Where the statute fixes the time for the return of an execution at ninety days, it should not be returned before that time, and its return at an earlier date is not only premature and irregular, but is insufficient to support further proceedings resting thereon, for instance, a transcript to the circuit court, execution, sale and a sheriff's deed. Such defective return is not an irregularity to be taken advantage of by a motion to quash the writ, but a proper return is a jurisdictional fact which can not be presumed. It appearing in the transcript on which the circuit clerk bases his execution, that the return is defective, that defect invalidates that execution. In this case, the transcript showed execution issued on February 13, 1873, and an order for its return on May 12, and its actual return on that date, eighty-eight days after it was issued.

2. ———: ———: ———: NULLA BONA.  Where the statute prohibits the issuance of an execution out of the circuit court on the justice's transcript judgment "until an execution shall have been issued by the justice directed to the constable of the township in which defendant resides, and returned that defendant had no goods or chattels whereof to levy same," a return "not served for want of property," will not support an execution by the circuit clerk, and a consequent sale and deed by the sheriff, since such constable's return fails to meet the requirements of a thorough search and a failure to find any property belonging to the defendant.

3. ———: ———: ———: BURDEN.  Where the judgment debtor was a resident of the county, it devolves on the party claiming under a sheriff's deed made in pursuance to an execution issued by the circuit clerk upon a transcript, to show that an execution, issued by the justice before whom the judgment was obtained, had been returned *nulla bona* at the expiration of the time fixed by law for its return.

4. ———: ———: ———: NOT CURED BY CLERK'S RECITAL.  A constable's return of "not served for want of property" is not cured by a recital in the circuit clerk's execution of "not satisfied, no goods and chattels being found whereon to levy the same," since such recital is no evidence of the facts recited, the clerk being without authority to certify to such facts.

5. Pleadings: RECITALS: ADMISSIONS.  Recitals of facts in a petition which are therein averred to be false are not an admission of the truth of the facts recited.

6. Pendency of Partition: TITLE: DISMISSAL.  The pendency of a partition suit for the same land involved in a suit to set aside a deed to the land, is no ground for dismissing the latter suit.

7. Limitations: LIFE TENANT: REVERSIONER.  The statute of limitations does not begin to run against the reversioner until the death of the life tenant.  Hence, where the reversioner's interest in land was sold under a defective execution in 1873, it did not become necessary for him to bring suit to have the sheriff's deed set aside until the death of the life tenant in 1898.

Appeal from Clinton Circuit Court.—*Hon. Wm. S. Herndon,*
Judge.

AFFIRMED.

*H. T. Herndon* and *Wilton & Hughes* for appellant.

(1) It is not necessary to file in the circuit clerk's office a transcript of all the entries in the docket of a justice of the peace. It is only necessary to file a transcript of the judgment rendered by the justice of the peace. R. S. 1889, sec. 6286; Franse v. Owens, 25 Mo. 329. Recital in justice's docket of immaterial matters is of no consequence. Nickey v. Lumber Co., 75 Mo. App. 54. (2) The execution was not void for any or all of the reasons set up in the bill. (a) The fourth reason assigned in the bill is that the transcript shows the execution issued by the justice was not made returnable "in ninety days" after date. This, if true, would not make the execution issued by circuit clerk void, nor invalidate the sale, or purchaser's title. Whitman v. Taylor, 60 Mo. 137; Sachse v. Clingensmith, ·97 Mo. 406; Carson v. Walker, 16 Mo. 68; Blair v. Ship, Charles Carter, 4 Cranch. 332; Gaston v. White, 46 Mo. 488; Murry v. Loften, 15 Mo. 626; Norton v. Quimby, 45 Mo. 388; Gorman v. Stanton, 5 Mo. App. 585; Perkins v. Quigley, 62 Mo. 498. But the execution was not prematurely issued nor was the execution issued by the justice returnable in a shorter time than required by law. 2 Wag. Stat., 1872, pp. 840 and 841, art. 8, secs. 3 and 4; Gurney v. Moore, 131 Mo. 662; Estes v. Long, 71 Mo. 605. An execution returnable in less time than the law requires, is not void, but runs full time by force of the law. Estes v. Long, 71 Mo. 605. The contrary was held in Staples v. Chouteau, 11 Mo. 382, but this view has "since then been totally discarded in Norton v. Quimby, 45 Mo. 388." Leonard v. Sparks, 117 Mo. 112. (b) The fourth reason assigned in the bill for the contention that the execution issued by the circuit clerk was void is, that the transcript filed in the office of the clerk of the circuit court does not show that the execution issued by the justice was returned by the constable,

"not satisfied, no goods or chattels being found upon which to levy the same." This position is untenable. The statute only requires a transcript of the judgment, and not of the execution or its return, and any such matter would be mere surplusage. R. S. 1889, secs. 6286 and 6287; Waddell v. Williams, 50 Mo. 116; Whitman v. Taylor and Caldwell Co., 60 Mo. 127; 2 Wag. Stat. 1872, p. 812, sec. 2. The statute did not require the justice to enter any such matter in his docket, and if he did it is no evidence of anything. Palmer v. Hunter, 8 Mo. 512; Brown v. Pearson, 8 Mo. 519. The statute relating to issuing executions on transcripts on a justice's judgment has been changed, and the earlier cases do not apply. Sachse v. Clingensmith, 97 Mo. 411. The recitals in sheriff's deed are to be taken as prima facie true. Jordan v. Surghnor, 107 Mo. 520. (3) The general principle to be deduced from all the authorities is, that the title of a purchaser, not himself in fault, can not be impaired at law, nor in equity, by showing any mere error or irregularity in the proceeding. Freeman on Executions, sec. 339; Hewitt v. Weatherby, 57 Mo. 276; Cabell v. Grubbs, 48 Mo. 353; Norton v. Quimby, 45 Mo. 338. (4) All the facts alleged in the bill, as reasons for the execution sale and sheriff's deed being void, were matters of record. This being so, plaintiff has no standing in a court of equity because plaintiff could plead them, in answer to any possessory action by defendant, as successfully as he could plead the decree of a court of equity. Peak v. Laughlin, 49 Mo. 162; Gamble v. St. Louis, 12 Mo. 617; Clark v. Ins. Co., 52 Mo. 272; Mason v. Black, 87 Mo. 329; Verdin v. St. Louis, 131 Mo. 26. (5) The bill ought to have been dismissed for the reason that the same issues were pending between same parties in the partition suit, and could and should have been determined in that case. State v. Daugherty, 45 Mo. 294; Beach v. Norton, 8 Conn. 71; Prosser v. Chapman, 29 Conn. 515; Peck v. Kirtz, 15 N. Y. St. Rep.

598; Curd v. Lewis, 31 Ky. 351; Robbins v. Conley, 47 Mo. App. 502. (6) The bill ought to have been dismissed and a finding and decree entered for defendant, for the reason that if plaintiff ever had any equitable rights to the relief asked, he had lost it by reason of his laches. Cline v. Vogle, 90 Mo. 250; Bliss v. Prichard, 67 Mo. 183; Kroening v. Goehri, 112 Mo. 648; Quinn v. Perkins, 159 Ill. 572; Kerfoot v. Billings, 160 Ill. 563; Jackson v. Roosvelt, 13 Johns. (N. Y.) 97; Jackson v. Robins, 16 Johns. (N. Y.) 537; Nagel v. Macy, 9 Cal. 426; Cockrill v. Hutchinson, 135 Mo. 67. The time fixed by law within which a right of action must be prosecuted, constitutes also a bar in equity, if a party goes into that court for redress. Perry v. Craig, 3 Mo. 516; Bauer v. Gray, 18 Mo. App. 173; Hoester v. Sammelmann, 101 Mo. 619; Bank v. Bank, 107 Mo. 133. (7) The bill on its face shows that it was barred by statutes of limitations. Hunter v. Hunter, 50 Mo. 445; Tapley v. Tapley, 50 Mo. 589; Rogers v. Brown, 61 Mo. 187; Kelley v. Hunt, 74 Mo. 561; Reando v. Misplay, 90 Mo. 250; White v. Pengry, 25 Mo. App. 547; Reed v. Painter, 145 Mo. 341; Courtney v. Black, 150 Mo. 245; Lockland v. Smith, 5 Mo. App. 165.

*Turney & Goodrich* and *W. S. Herndon* for respondent.

The execution issued by the clerk of the circuit court was unauthorized and void. (1) A party desiring to enforce collection of a judgment of a justice of the peace, by an execution from the circuit clerk's office, must file with the clerk a certified transcript of such judgment. From the date of the filing, the judgment is in many respects the same as a judgment of the circuit court; "but no execution shall be issued out of the court where the transcript is filed, if the defendant is a resident of the county, until an execution shall have been issued by the jus-

tice, directed to the constable of the township in which the defendant resides," and "returned that the defendant has no goods or chattels whereof to levy the same." These facts must be shown by the transcript or by a certified copy of the execution and return filed in the clerk's office. The defendant in this case was a resident of the county. The only paper filed with the clerk was the transcript, which was filed more than a year after the execution was returned. The only evidence that the two prerequisites to the issue of an execution by the clerk had been complied with, were these recitals in the transcript. "Execution issued returnable on the twelfth day of May, 1873." "May 12, 1873. Execution returned not served for want of property." 2 Wag. Stat 1872, p. 839, sec. 14; Coonce v. Mundy, 3 Mo. 374; Langford v. Few, 146 Mo. 142. The appellant's case is not aided by the recitals in the sheriff's deed. Sachse v. Clingensmith, 97 Mo. 412. A sheriff's deed without the recitals is admissible in evidence. But when it is shown by the evidence, as it was in this case, that the defendant was a resident of the county, it then devolves on the party claiming under the deed, to show the existence of the conditions precedent, to-wit: that an execution was issued by the justice, directed to the constable of the township in which the defendant resided; and that the constable made the proper return. Langford v. Few, 146 Mo. 142; Jordon v. Senghnor, 107 Mo. 520; Perkins v. Quigley, 65 Mo. 498; Carpenter v. King, 45 Mo. 224, sec. 6; McCormick v. Fitzsimmons, 39 Mo. 24. (2) The execution issued by the justice was dated February 13, 1873, and was made returnable May 12, 1873, that is in eighty-eight days. Stevens v. Chouteau, 11 Mo. 383; 2 Wag. Stat. 1872, p. 841, sec. 3. The case of Stevens v. Chouteau is not overruled by Norton v. Quimby, 45 Mo. 388, nor by Leonard v. Sparks, 117 Mo. 103; and is expressly recognized as in force in Estes v. Long, 71 Mo. 608, and is supported by the reasons for

the decision in Langford v. Few, supra.    Sanders v. Rains, 10
Mo.. 771; France v. Evans, 90 Mo. 474.    A return made in
eighty-nine days is premature.    Huhn v. Lang, 122 Mo. 600.
There is no analogy between the case of an execution properly
issued and returned by the constable before the expiration of
ninety days and this case, where an execution is issued which
in terms violates a provision of the statute, and commands the
constable to return it before the expiration of ninety days. All
these defects are patent on the face of the transcript.    Waddell
v. Williams, 50 Mo. 222; Leonard v. Cox, 52 Mo. 115; Hewitt
v. Weatherby, 57 Mo. 279; Downing v. Still, 43 Mo. 321. (3)
There is no question of estoppel; and if any of the foregoing
objections to the execution or deed are valid, the deed is void
and there is no question of limitation or laches.    (4) There is
no limitation.    Until the death of the dowress, neither the
respondent nor appellant was entitled to possession.    Neither
could bring a suit at law against the other to test the title.
Therefore, the title of neither is affected by any of the provis-
ions of the statute of limitation. Sherwood v. Baker, 105 Mo.
472; Fischer v. Sieckman, 125 Mo. 178; Dunn v. Miller, 96
Mo. 324; Cooper v. Deal, 114 Mo. 533; Sebree v. Pattison, 92
Mo. 451; Swope v. Weller, 119 Mo. 565. (5) There is no
laches.    The appellant's interests have not been affected in any
way by the delay, nor has the condition of the respondent been
improved. Spurlock v. Sproule, 72 Mo. 503; Lindell Real Es-
tate Co. v. Lindell, 142 Mo. 79; Newman v. Newman, 152
Mo. 414; Howell v. Jump, 140 Mo. 456; Orthwein v. Thomas,
127 Ills. 554.

*E. C. Hall* and *F. B. Ellis* also for respondent.

(1)    The recitals in the execution issued from the clerk's
office can not be taken as evidence of the matters in the justice's

transcript, for that transcript is also in evidence. And it fails to show that there was a return of the constable of "no goods and chattels of defendant found whereof to levy the execution." The recital of a falsehood by the clerk can not validate the execution and, in such case, by virtue of the statute, the execution is void. Therefore, Murray v. Laften, 15 Mo. 626, has no application. (2) The statute of limitation can not be invoked in this case for the reason that respondent's title was a legal title and he was not in possession thereunder until after the death of Mary Reed in 1898. Graves v. Ewart, 99 Mo. 18; Ogden v. Ogden (Ark.), 28 S. W. 796; Harris v. Wells (Tex.), 20 S. W. 69; Wooters v. Joseph (Ill.), 27 N. E. 80; Wooters v. Prinkle, (Ill.), 25 N. E. 791; Moore v. Jackson, 4 Wend. (N. Y.) 58; Buswell, Limitations, sec. 125; Angel on Limitations (6 Ed.), sec. 483. (3) In this case the sheriff's deed depends upon the record of the transcript in the clerk's office, and that transcript does not show jurisdiction to authorize sale of land. Corrigan v. Morris, 43 Mo. App. 456.

ROBINSON, J.—This is a direct proceeding by bill in equity, instituted in the Clinton Circuit Court on April 29, 1898, to set aside a sheriff's sale and deed to 520 acres of land in Clinton county, Missouri, made in April, 1875, under an execution issued upon a transcript of a judgment obtained before a justice of the peace.

The land in controversy was a part of the home farm of John Reed, deceased, late of Clinton county, who died intestate in 1861, owning said land, together with a large amount of other land, and leaving surviving him the plaintiff and four other children and his widow, Mary Reed. On the settlement of his estate, the land in question was set off to the widow, giving her a life estate therein, with reversion to the children, each

an undivided one-fifth. By the death of his two brothers, Cyrus and James Reed, the plaintiff's interest was increased from one-fifth to three-tenths.

On February 13, 1873, Eli M. Lyons, J. W. Winn and Wm. H. Comer, obtained a judgment against the plaintiff for $143.02, before Thomas F. Viglini, a justice of the peace, within and for Concord township in Clinton county, and on the same day the justice issued an execution on said judgment, returnable on the twelfth day of May, 1873, in eighty-eight days from its date. On May 12, 1873, the execution was returned, "Not served for want of property."

On December 14, 1874, a transcript of said judgment showing the issuing of execution, and return of the constable as above stated, was filed in the office of the clerk of the circuit court of said county signed, "Alex. McWilliams, justice of the Peace," who certifies that "the foregoing is a complete transcript of all proceedings had before Thomas F. Viglini, in the above-entitled cause, as taken and copied from his docket." And on December 16, 1874, an execution was issued upon such transcript judgment from the office of the circuit clerk, directed to the sheriff of said county. This execution, which is a printed form, recites that an execution had been issued by the justice of the peace and returned, "Not satisfied, no goods or chattels being found whereon to levy the same." On the sixteenth day of December, 1874, the sheriff levied upon plaintiff's undivided interest in the reversion in the 520-acre tract, and also his right, title, interest and estate in 67 acres of land situate in the same county, and sold the same on the twenty-seventh day of April, 1875, during the sitting of the circuit court of said county, for $33, to the defendant, who received a sheriff's deed therefor. This deed recited that on the thirteenth day of February, 1873, Eli M. Lyons and others, obtained a judgment before Thomas F. Viglini, a justice of the

peace of Concord township, in Clinton county, against the plaintiff for $142.02, as appears from a transcript of said judgment, filed in the office of the clerk of the circuit court of said county, on the fourteenth day of December, 1874, upon which transcript of judgment, an execution issued from the clerk's office of said court, in favor of Eli M. Lyons et al., and against Daniel Reed, directed to the sheriff of said county, and delivered to him on the same day, by virtue of which on that date he levied upon and seized all the right, title, interest and estate of plaintiff in said land. The deed was duly acknowledged, and filed for record in the recorder's office on the twenty-seventh day of July, 1875.

The sheriff's deed, it will be observed, makes no recital of the issue of the execution by the justice of the peace, and a *nulla bona* return thereon by the constable. At the time of such sale, the plaintiff owned a present interest of one undivided fourth in the 67-acre tract, an undivided three-tenths interest in remainder in the 520 acres, subject, however, to the life estate of his mother, to whom the same had been assigned as her dower. The plaintiff's reversionary interest in the latter tract was worth, at the time of defendant's purchase, about $3,000.

In February, 1898, Anna M. Reed commenced a suit in the Clinton Circuit Court, to partition the land in question, making the parties to this suit defendants therein, alleging as a reason therefor, their adverse claims of title thereto. The court ascertained the rights of the other parties to the suit, and made partition among them accordingly, but in view of the present controversy, and to avoid complicating matters, declined to consider or determine the conflicting claims of the parties to the suit, and suspended all further proceedings in the partition suit, so far as plaintiff and defendant were con-

ccrued, until the determination of this controversy.

At the time of the rendition of the judgment, and the issuance of execution by the circuit clerk, and sale by the sheriff, the plaintiff was a resident of Clinton county. The dowress, Mary Reed; resided on the land until her death, which occurred in February, 1898, and plaintiff lived with her most of the time. After her death, plaintiff being in possession, brought this suit to set aside the sheriff's deed as a cloud on his title.

Plaintiff's petition asks that the sheriff's sale be set aside, and the deed to defendant be declared void for the following reasons:

First. Because the execution issued from the office of the circuit clerk was void, and was issued without authority of law in this, that the transcript of the judgment rendered by the justice, filed with the clerk of the circuit court, and upon which such execution was issued, was not certified as required by law. And further, that such transcript shows that the execution, issued by the justice of the peace, was not made returnable ninety days after date but eighty-eight days after date, and was returned by the constable eighty-eight days after the date thereof, instead of ninety as required by law, and because said execution was not returned by the constable "not satisfied, no goods or chattels being found upon which to levy the same."

Second. Because the price paid was so grossly inadequate as to shock the moral sense.

The answer was: First, a general denial; second, avers the regularity of all the proceedings leading up to the sale, and that defendant was a bona fide purchaser thereat, and defendant's claim of title, and plaintiff's insolvency at date of sale; third, the pending, before this suit was instituted, of a partition suit, in which the same issue was involved and could be

tried; fourth, the statute of limitations.    The reply was a general denial.

The court below found the issues for plaintiff, and rendered a decree setting aside the sheriff's sale, and the deed made to defendant in pursuance thereof, so far as the same attempted to convey the plaintiff's undivided interest in remainder in the 520-acre tract, and defendant appealed.

The controlling question in this case is, whether the execution issued by the justice of the peace, and made returnable in eighty-eight days instead of ninety, and returned by the constable in eighty-eight days after it was issued "not served for want of property," is sufficient to authorize the issuance of an execution by the clerk of the circuit court, and a sale of real estate.    The statute relating to the issue and enforcement of execution upon transcript judgments from justices of the peace, in force at the time of the transaction here under consideration (R. S. 1865, sec. 14, p. 717, and sec. 3, p. 718), provides that executions issued by justices of the peace, shall be dated on the day they are issued, and be returnable in ninety days from date, and be directed to the constable of the township where the ` justice resides, and run against the goods and chattels of the defendant.    The party in whose favor the judgment is rendered may file a transcript in the office of the clerk of the circuit court, and it becomes a lien on the real estate of the defendant from the time of filing the transcript, just the same as a judgment of the circuit court.   · But the statute expressly prohibits the issuance of an execution out of the circuit court on the transcript judgment if the defendant is a resident of the county, "until an execution shall have been issued by the justice directed to the constable of the township in which defendant resides, and returned that the defendant had no goods or chattels whereof to levy the same."

The evidence shows that the plaintiff was a resident of

Clinton county, at the time the judgment of the justice of the peace was rendered against him and the issuance of the execution by the circuit clerk on the transcript judgment, and continued so until the commencement of this suit. The authority, therefore, for the execution from the circuit clerk on the transcript judgment, depended wholly on whether an execution had been issued by the justice and returned *nulla bona* by the constable, at the expiration of ninety days. The evidence in this case is that these prerequisites were not complied with. The recitals in the justice's transcript, read in evidence by plaintiff, show the rendition of judgment by the justice of the peace February 13, 1873, the issuance by the justice of an execution thereon, returnable on the twelfth day of May, 1873, and the constable's return on that date "not served for want of property." Excluding, then, the date of issue, and including the return day, it will be seen that the execution issued by the justice, was made returnable in eighty-eight instead of ninety days, as provided by the statute in force when the same was issued. The execution of the justice was not only returnable, but was returned in less time than the statute required. It is clear, therefore, that the judgment creditor was not entitled to an execution out of the circuit court on the transcript judgment, and that this execution was prematurely issued, and will not support the sheriff's sale and deed thereunder. [Dillon v. Rash, 27 Mo. 243; Johnson v. Latta, 84 Mo. 139; Marks v. Hardy, 86 Mo. 232; Huhn v. Lang, 122 Mo. 600, and Langford v. Few, 146 Mo. 142.]

The statutes not having been complied with the defendant acquired no title by the sheriff's deed. It has frequently been held by this court, since the early case of Dillon v. Rash, supra, that when the time is fixed by law for the return of an execution, it should not be returned before that time, and that its return at a prior date is not only premature and irregular but

is insufficient to support further proceedings resting thereon. To give sanction to the views of appellant and hold that the execution of the circuit clerk, issued in the face of the defective return, appearing in the transcript of the proceedings of the justice before him, is an irregularity only, that must be taken advantage of by a motion to quash the writ, is to destroy by construction not only the letter but the substance and life of the statute.

Moreover, it will be observed that the transcript of the justice, in the case of Lyons et al. v. Reed, shows "execution returned not served for want of property." This does not meet the requirements of the statute, and is not sufficient to authorize the issuance of an execution by the clerk of the circuit court, under the provisions of the statute above referred to. The return required by the statute is "that the defendant had no goods or chattels whereof to levy the same." This contemplates that the officer has and shall make some effort to find property liable to seizure under the execution. The return here fails to indicate any effort whatever to find property, nor does it negative the idea that the defendant in execution had property subject to the writ. "Not served for want of property," does not meet the requirements of a thorough search, and failure to find any property belonging to the defendant in the execution. Nor is it synonymous with *nulla bona,* which has a well-defined meaning in law, signifying that the defendant in the execution has no goods which could be subject to its satisfaction.

In the early case of Burke v. Flournoy, 4 Mo. 116, discussing the question of filing transcripts of a justice's judgment, and issuing executions thereof, the court said: "The act of the General Assembly authorizes this to be done, but it requires that before an execution can issue on a judgment thus filed in the clerk's office, an execution shall have issued from

the justice, and returned no goods to be found. In this case the only evidence of the facts were found in the justice's docket or transcript, which says an execution had issued, and that the constable returned not satisfied by levying on the property of Burke and making some $29—the return does not show that the defendant, Burke had no more goods, etc. The law is express that no execution shall issue from the clerk until a return *nulla bona* is made to an execution issued by the justice."

Herman on Executions, p. 387, thus states the rule: "An officer has no right to make return *(nulla bona)* without having made an effort to find any of the property of the defendant. A general report that the defendant has no goods will not excuse such a return. It may be made after one thorough search."

In Langford v. Few, 146 Mo. 142, a return, "Executed the within writ......by reading to W. L. Few, and scheduled the property of defendant. Execution returned not satisfied," followed by the oath of three appraisers, and a copy of the schedule describing the property, was held insufficient to authorize the issuance of an execution by the clerk of the circuit court, because it was not inconsistent with the possibility that the defendant in the execution had other property which, perhaps, the officer had seized along with that scheduled.

In view of the express statutory prohibition against issuing an execution by the circuit clerk until an execution shall have been issued by the justice and returned that the defendant had no goods or chattels whereof to levy the same, no presumption obtains that the constable did his duty, and after diligent search, failed to find any property belonging to the defendant in the execution. This precise question was considered and decided by this court in an opinion by MARSHALL, J., in Langford v. Few, supra, wherein it was said: "There is a difference between indulging a presumption in favor of an officer

having done a duty which the law casts upon him, and indulging a presumption that a fact exists which the statute requires to exist, in order to give the officer power to act, and without which, he is prohibited from acting." "A person," said Judge MARSHALL in that connection, "who buys real estate that is sold under this statute gets no title unless that statute is strictly followed, for, while it gives a remedy to the creditor, it also protects the debtor."

Such a return will not support the execution issued by the circuit clerk, and subsequent proceedings thereunder. It devolves upon the constable, when he fails to obtain any property in satisfaction of the execution, to make a return in which it is definitely stated, or from which it can be implied, that the defendant in the execution has no property subject to the writ. Where, as in this case, the judgment debtor is a resident of the county, it devolves on the party claiming under the sheriff's deed, to show that an execution had been issued by the justice of the peace and returned *nulla bona,* at the expiration of ninety days before an execution could be issued by the clerk of the circuit court. These jurisdictional facts can not be presumed, especially against the positive prohibition of the statute.

In the present case it appears from the transcript of the justice, which was the only evidence offered on that point, not only that the execution issued by the justice was returnable before the expiration of ninety days, but the constable's return, as we have seen, was not in conformity with the statute. This defect is not supplied by the sheriff's deed, for it merely recites the rendition of the justice's judgment; the filing of the transcript in the circuit clerk's office, and the issuance by the clerk of an execution on such transcript judgment. There is no recital that an execution had been issued by the justice, and returned *nulla bona* before the execution issued by the circuit clerk.

It is, however, insisted by counsel for defendant, that this proof is supplied by the averments in the petition, setting out the execution issued by the circuit clerk, wherein that official recites that an execution had been issued by the justice and returned "not satisfied, no goods and chattels being found whereon to levy the same." It is true that the petition sets out the execution issued by the circuit clerk, but it is expressly averred that the recitals touching the issuance of execution by the justice of the peace, and the return *nulla bona* by the constable, are false. Hence, it can not be said that this defect is cured by the pleadings. Besides, a recital in an execution, issued by the circuit clerk on a transcript of a judgment of a justice of the peace, that an execution had been issued by the justice, and returned that the defendant had no goods or chattels whereof to levy the same, is not evidence of these facts. The clerk is without authority to certify to such facts. [Coonce v. Munday, 3 Mo. 374.]

It is also urged that this proceeding ought to have been dismissed because of the pendency of the partition suit, in which the issues here could have been determined. There is no merit whatever in this contention. It is not perceived how the pendency of such suit, in anywise precluded plaintiff from maintaining the present action.

The final contention is, that the statute of limitations is a complete bar to this action.

The intermediate estate was determined on February 9, 1898, by the death of Mary Reed, and the plaintiff being in possession, brought this suit in April following, to remove the cloud on his title. The rule is well settled, that the statute of limitations does not begin to run against a reversioner, until the death of the life tenant. It never became necessary for plaintiff to take affirmative action until the death of the life tenant in February, 1898. The statute of limitations, there-

fore, can not be invoked as a bar to the equitable relief sought in this action.

This view of the case renders unnecessary an examination of the other points discussed in the briefs.

The judgment of the circuit court will therefore be affirmed. All concur.