## LITTLEFIELD, Appellant, v. RAMSEY et ux.

### In Banc, May 11, 1904.

1. **RETURN: Not Language of Statute: Sufficiency.** The return of the constable on the execution was, "No property subject to execution has been found," and the statute required that no transcript of the justice's judgment should be filed in the circuit court until an execution had been issued by the justice "and returned that the defendant had no goods or chattels whereof to levy the same." *Held,* that this return was a substantial compliance with the statute, and sufficient to make valid a sale of land under execution issued out of the circuit court after the filing of the transcript with the clerk. [Overruling Reed v. Lowe, 163 Mo. 519.]

2. **REVIVED JUDGMENT: Execution.** The execution should be issued upon the original judgment although the same has been revived by proper procedure within three years after it was originally rendered.

3. **EJECTMENT: Defense: Subsequent Attornment by Defendant in Execution.** A defendant in an execution can not defend an action of ejectment brought against him by the purchaser at the execution sale by setting up an outstanding title, nor can any one claiming such title where he has acquired possession under the defendant in the execution defend the possession as against the purchaser in the execution sale.

4. ———: ———: **Mortgage.** A mortgage does not constitute a good outstanding title in favor of a defendant in possession in an action of ejectment by a purchaser at an execution sale. And where such mortgage antedates the judgment, but is not foreclosed until after the sale under execution, the defendant in ejectment and in execution should not be permitted to show that he had attorned to the purchaser at the foreclosure sale after the institution of the suit.

Appeal from Johnson Circuit Court.—*Hon. W. L. Jarrott*, Judge.

REVERSED AND REMANDED.

*E. C. Littlefield* and *H. G. Hart* for appellant.

(1)    A defendant in execution, and those acquiring possession under him, can not defeat the recovery in ejectment of a purchaser at a sheriff's sale by setting up an outstanding title. The purchaser buys the possession, if nothing more, and the defendant must give up the possession; and a person holding under the defendant in the execution or getting possession from him, stands in no better attitude than the defendant in the execution. The above rule applies with greater force and reason where, as in this case, the defendant in the execution, after the institution of the suit in ejectment, delivered possession to another. Boyd v. Jones, 49 Mo. 202; Gritchell v. Kreidler, 12 Mo. App. 497; Matney v. Graham, 59 Mo. 190; Page v. Hill, 11 Mo. 149; Laughlin v. Stone, 5 Mo. 43. (2) The certificate of the justice as to the return of the execution by the constable, and the return of *nulla bona* made by the constable on the execution, are sufficient to warrant the issuance of an execution out of the circuit court and to support the sale of real estate thereunder. Franse v. Owens, 25 Mo. 329; Ruby v. Railroad, 39 Mo. 480; Norton v. Quimby, 45 Mo. 388; Burke v. Miller and Lee, 46 Mo. 258; Whitman v. Taylor and Caldwell Co., 60 Mo. 127. (3) The return of the constable as certified by the justice in his transcript is sufficient. It is substantially in the words of the statute. Returns of constables, and other proceedings in justices' courts, are not viewed with a critical eye. The substance, more than the form, is considered. R. S. 1899, sec. 4031; Workman v. Taylor, 24 Mo. App. 550; Harrington v. Fortner, 58 Mo. 468. (4) The transcript of the judgment of the justice having

been filed in the office of the clerk of the circuit court, it became a judgment of the circuit court, in many par- ticulars, and an execution could be issued on the same, out of the circuit court, at any time within ten years from the date of the original judgment. R. S. 1899, secs. 3722, 4019, 4028; Tracy v. Whitsett, 51 Mo. App. 149. (5) The revival proceedings do not constitute a new judgment in any sense. These proceedings simply renew the original judgment and the lien created thereby. R. S. 1899, secs. 4023, 4024, 4025; Sappington v. Lenz, 53 Mo. App. 44; Bauer v. Miller, 16 Mo. App. 252. (6) There is nothing in the contention of respondents that the return of the constable on the execution could not be made on the ninety-second day after its issue. The execution could not be legally returned before the end of the ninety days, but could be returned at any time thereafter. Marks v. Hardy, 86 Mo. 232.

*O. L. Houts* for respondents.

(1) The constable's return to the executions issued by the justice "No property subject to execution had been found," the defendant being a resident of the county, was not sufficient to authorize the issuance of an execution by the clerk of the circuit court under the provision of section 4019, Revised Statutes 1899, which provides that no execution shall issue out of the court where the transcript is filed until execution shall be issued by the justice, directed to the constable of the township in which the defendant resides "and returned that the defendant had no goods or chattels whereof to levy the same." The judgment of the circuit court is therefore right and should be affirmed. Langford v. Few, 146 Mo. 142; Reed v. Lowe, 163 Mo. 519; R. S. 1899, sec. 4034. (2) The execution issued by the circuit clerk, under which plaintiff claims to have purchased, was based upon the original judgment by the justice rendered in 1895, when it should have been based, if its issuance had

been authorized by the record, on the revived judgment entered in 1898. The first judgment was no longer in existence and did not authorize the issuing of an execution. The revived judgment took the place of the old judgment. The statute would appear to settle this proposition conclusively. R. S. 1899, secs. 4020, 4027. (3) The deed of trust executed by the defendant Andrew M. Ramsey and wife constituted, at the date of the institution of plaintiff's suit, a good outstanding title, and was a complete defense in this action. Howard v. Thornton, 50 Mo. 291.

BURGESS, J.—This is an action of ejectment for the possession of twelve lots of land, being all of block 1 in Workman's addition to the railroad extension to Knobnoster, Johnson county. The petition is in the usual form, and the answer a general denial. Ouster is laid as of December 5, 1899. Defendants had judgment in the court below, from which plaintiff appeals.

The defendants are husband and wife. Andrew M. Ramsey acquired title to the land by deed on the eighteenth day of May, 1889, and filed the deed for record in the recorder's office of Johnson county on the fifteenth day of January, 1890. On the twelfth day of October, 1895, one L. C. Littlefield recovered judgment before a justice of the peace of said county against said Andrew M. Ramsey, on a note dated December 15, 1889, for the sum of one hundred and five dollars and two cents. Execution was issued on this judgment October 12, 1895, and placed in the hands of the constable, W. G. Ramsey, who made return of it on the twelfth day of January, 1893, which was ninety-two days after it was placed in the hands of the constable, that "no property subject to execution has been found."

A transcript of said judgment was filed in the office of the clerk of the circuit court of said county, on the eighteenth day of March, 1896. On the fourteenth day of November, 1898, the judgment was revived before the

same justice, and another execution issued upon it November 14, 1898; and returned February 14, 1899, ninety-two days after its issuance by the constable indorsed, "No property found subject to execution."

A transcript of the revival proceedings was filed in the office of the clerk of the circuit court of Johnson county, December 10, 1898. On the sixteenth day of October, 1899, the said L. C. Littlefield caused to be filed in the office of the clerk of the circuit court of Johnson county a complete transcript of all the proceedings before the said justice in relation to the said judgment, showing the original judgment, the issue of execution and return thereof, the proceedings to revive the judgment and revival thereof, the issue of execution on the revived judgment, and the return thereof. On the twenty-first day of October, 1899, execution was issued by the clerk of the circuit court, on the said judgment, and delivered to the sheriff, who levied upon the land in suit, and after advertisement sold the same under the said execution, and E. C. Littlefield, the plaintiff, became the purchaser thereof, and a deed was made by the sheriff to him. Littlefield filed the sheriff's deed for record in the office of the recorder of deeds for Johnson county, on the fourth day of December, 1899. On the fifteenth day of December, 1899, and subsequent to the institution of this suit, Sarah E. Ramsey, one of the defendants, had the said real estate sold under deed of trust dated January 13, 1890, which said deed of trust she claims to have purchased, and she became the purchaser at the said sale. After the execution of the deed by the trustee in the said deed of trust to defendant Sarah E. Ramsey, she was made party defendant in the circuit court, on her own motion over the objection of plaintiff. The court, over the objection of plaintiff, allowed defendants to introduce evidence tending to show that defendant Andrew M. Ramsey had, subsequent to the institution of this suit, attorned to Sarah E. Ramsey, the purchaser at the sale under the old deed of trust,

which sale was also subsequent to the institution of this suit.

The paramount question in this case is with respect to the sufficiency of the return of the constable upon the execution issued by the justice of the peace, ''No property subject to execution has been found,'' the defendant therein being a resident of the county, to authorize the issuance of an execution by the clerk of the circuit court under the provisions of section 4019, Revised Statutes 1899, which provides that no execution shall issue out of the court where the transcript is filed until an execution shall be issued by the justice directed to the constable of the township in which the defendant resides, ''and returned that the defendant had no goods or chattels whereof to levy the same.'' Plaintiff's contention is, that the return, while not in the exact language of the statute, means the same, and that similar returns have been held sufficient to authorize the issuance of execution by the clerks of the circuit courts upon transcripts of judgments before justices of the peace being filed in such courts.

In Franse v. Owens, 25 Mo. 329, the return of the constable was, ''No property found belonging to defendant to levy the same in Mount Pleasant township,'' and was held sufficient to warrant the issuing of an execution from the office of the clerk of the circuit court on the judgment. The court said: ''The return of the constable on the execution, that there were no goods or chattels of the defendant whereof to levy the same in the township to which the writ was directed, was sufficient to warrant an execution from the circuit clerk's office.''

In the case of Ruby v. Railroad, 39 Mo. 480, a constable's return upon an execution issued by a justice of the peace as follows, to-wit, ''This execution returned not satisfied, there being no property found to levy the same on,'' was held sufficient to authorize the issuance of an execution by the clerk of the circuit court on the

filing in his office of a transcript of the judgment of the justice. [Parker v. Railroad, 39 Mo. 484.]

Franse v. Owens, supra, was decided in 1857, and Ruby v. Railroad, in 1867. They have both been cited with approval many times since (Norton v. Quimby, 45 Mo. 388; Burke v. Miller, 46 Mo. 258; Samuels v. Shelton, 48 Mo. 444; Langford v. Few, 146 Mo. 142) and have never been criticised or overruled.

Defendants, however, contend that the return to the execution issued by the justice, ''No property subject to execution has been found,'' the defendant being a resident of the county, was not sufficient to authorize the issuance of an execution by the clerk of the circuit court under the provision of section 4019, supra, and rely upon the cases of Langford v. Few, 146 Mo. 142, and Reed v. Lowe, 163 Mo. 519, as sustaining that contention.

The Langford case does not do so; upon the contrary it cites the Franse case with approval. Moreover, the constable's return in that case was, ''Executed the within writ . . . by reading to W. L. Few and scheduled the property of defendant. Execution returned not satisfied.'' To this return was added the oath of three appraisers, and a ''copy of the schedule of W. L. Few,'' stating that he ''sets forth upon oath the following described property to the amount of $300 worth as scheduled.'' This was followed by a description of the property, but the ''copy of the schedule'' was not signed or sworn to by Few. Held that this was not a sufficient return to authorize the issuance of an execution by the clerk of the circuit court under the statute quoted. MARSHALL, J., speaking for the court, said: '' 'Not satisfied' does not cover the legal requisites of a strict and thorough search and a failure to find any property belonging to defendant whereof to levy the writ. It is not synonymus with *nulla bona,* and does not answer the requirements of the statute.''

The return of the constable in the case at bar was entirely different, and practically in the same language

as the constable's return upon the executions in the Franse and Ruby cases, and in substantial comqliance with the statute.

In the case of Reed v. Lowe, supra, it was held that the return of a constable upon an execution issued by a justice of the peace, "Not served for want of property," will not support an execution issued by the circuit clerk, and a subsequent sale of land thereunder by the sheriff, since such return fails to meet the requirements of a thorough search and a failure to find any property belonging to the defendant in the execution.

The constable's return upon the execution in Franse's case was, "No property found belonging to defendant to levy the same in Mount Pleasant township;" in Ruby's case, "This execution returned not satisfied, there being no property found to levy the same on;" in Reed's case, "Not served for want of property." These returns mean practically the same thing and are in substantial compliance with the statute. And while there is no allusion made in the opinion to either the Franse or Ruby cases, there is no question we think but that they are in conflict and can not stand together.

So many years have elapsed since the cases last named were decided, during which time they have been adhered to and followed and property rights grown up under them, that they should not be interfered with in the absence of the most cogent reasons.

"It should require the best of reasons to change any legal principles relating to titles; otherwise the injustice to be avoided, may be only just begun. Such law and principles should be fixed and stable, and generally, if the law is known in advance, owners and purchasers will receive that fairness and justice which would otherwise be impossible." [23 Am. and Eng. Ency. of Law (1 Ed.), 29; Boon v. Bowers, 30 Miss. 246; Lindsay v. Lindsay, 47 Ind. 283; Emerson v. Atwater, 7 Mich. 23.]

The sheriff's deed was, we think, a valid deed to the

property in question, and should have been admitted in evidence.

It is said for defendants that the execution issued by the clerk of the circuit court under which plaintiff claims to have purchased was based upon the original judgment rendered on the twelfth day of October, 1895, as appears from the sheriff's deed, when it should have been issued upon the revival judgment entered November 14, 1898. The argument is that after the revival the first judgment was no longer in existence, as the latter took the place of the original judgment, hence no execution could issue upon the original judgment.

But the revival of the judgment did not constitute a new judgment, but "the new judgment entry simply declares that the judgment revived is still in force for whatever remains unpaid thereon." [Sappington v. Lenz, 53 Mo. App. 44; R. S. 1899, sec. 4025.]

So that it would seem that the execution was properly issued upon the original judgment.

Plaintiff claims that the court erred in allowing defendants over his objection to introduce evidence tending to show that defendant Andrew M. Ramsey had, subsequent to the institution of this suit, attorned to Sarah E. Ramsey, who had become the purchaser of the property at trustee's sale under a deed of trust upon it, executed and recorded prior to the time of the filing of the transcript judgment in the office of the clerk of the circuit court, under which plaintiff acquired whatever title Andrew M. Ramsey has to the property.

It is well settled in this State, as well as elsewhere, that a defendant in an execution can not defend an action of ejectment brought against him by a purchaser at the execution sale by setting up an outstanding title, nor can any one claiming under such title, where he has acquired possession under the defendant in the execution, defend the possession as against the purchaser at the execution sale. [Boyd v. Jones, 49 Mo. 202; Matney v. Graham, 59 Mo. 190; Page v. Hill, 11 Mo. 149;

Gritchell v. Kreidler, 12 Mo. App. 497; Jackson v. Scott, 18 Johns. 94; Jackson v. Bush, 10 Johns. 222.] The purchaser at the execution sale acquires all the debtor's legal rights and this includes his possession as well as the possession of all persons entering under him. It is true, it was said in the case of Howard v. Thornton, 50 Mo. 291, by the same judge who wrote the opinion in the case of Boyd v. Jones, supra, that "a mortgage after forfeiture constitutes a good outstanding title," but that it does not do so in favor of a defendant in possession in an action of ejectment for possession by a purchaser at execution sale, is clearly indicated by the authorities which we have cited.

For these intimations the judgment is reversed and the cause remanded.

All concur. *Robinson, C. J.,* and *Brace* and *Valliant, JJ.,* are of the opinion that the opinion is not in conflict with Reed v. Low, 163 Mo. 519.