<hr />

BICK, Appellant, v. PARIS, Respondent.

St. Louis Court of Appeals, April 16, 1907.

EXECUTIONS: Transcript from Justice Court: Return of Nulla Bona. Where the transcript of the judgment and proceedings of a justice of the peace filed in the office of the circuit clerk recited that execution was issued on the judgment and in due time returned "no property found," this was a sufficient compliance with section 4019, Revised Statutes 1899, requiring that such a return shall state that "defendant has no goods or chattels whereof to levy the same," so that an execution by the circuit clerk was authorized.

Appeal from Monroe Circuit Court.—*Hon. David H. Eby,* Judge.

REVERSED AND REMANDED.

*Thomas P. Bashaw* for appellant.

The entry, while true, was also sufficient to show that an execution had issued and been returned by the constable *nulla bona.* Appellant is aware of the strict and rigid construction given the statute in question by our courts. The certificate of the justice is that the return was, "No property found." This is synonymous with a return of *nulla bona,* and if so, then it is suffi-

cient.   Langford v. Pew, 146 Mo. 142; Reed v. Lowe, 163 Mo. 519.

*Robert Meriwether* for respondent.

BLAND, P. J.—This is an appeal from an order and judgment of the circuit court of Monroe county, recalling an execution issued out of the office of the clerk of that court, under a transcript judgment on a judgment of a justice of the peace of that county, in favor of appellant here and against respondent for $153.65, and quashing the levy of said execution upon certain real estate of respondent.

The motion to quash the execution and levy was upon one ground only, to-wit: 'Because before the said execution was issued from the office of the clerk of this court, no execution had been issued by the justice of the peace, before whom said judgment was originally rendered thereon, directed to the constable of the township in which the defendant then resided, nor to any other constable in said county and returned that the defendant had no goods or chattels whereof to levy the same, as required by the law.'

"As to the question of fact raised by said motion, the transcript judgment record of said circuit court, read in evidence contained the following entry in the docket of the justice who rendered the original judgment: 'Execution issued on the above judgment November 13, 1889, and deliverd to John Woolfolk, constable, and made returnable in ninety days, excution issued in the above cause, returned no property found this Feb. 11, 1890.' The circuit court held that this entry does not meet the requirements of sec. 4019, Revised Statutes 1899, that the circuit clerk may not issue execution on a transcript judgment until after the justice had issued an execution and the constable has made return that 'the defendant had no goods or chattels whereof to levy

the same,' and sustain the motion, and recalled the execution and quash the levy."

Appellant assigns for error the action of the trial court in quashing the execution and levy.

The case falls within the ruling of the Supreme Court in banc, in the case of Littlefield v. Ramsey, 181 Mo. 613, 80 S. W. 949, where, "The return of the constable on the execution was, 'No property subject to execution has been found,' and the statute required that no transcript of the justice's judgment should be filed in the circuit court until an execution had . been issued by the justice 'and returned that the defendant had no goods or chattels whereof to levy the same.' . *Held,* that this return was a substantial compliance with the statute, and sufficient to make valid a sale of land under execution issued out of the circuit court after the filing of the transcript with the clerk."

A return of "no property found" and a return of "no property subject to execution has been found," to an execution mean the same thing, to-wit, "that the defendant had no goods or chattels whereof to levy the execution." The circuit court erred in sustaining the motion to quash on the ground assigned in said motion.

The judgment is reversed and the cause remanded. All concur.