THIEMAN BROTHERS, RESPONDENTS, v. W. E. BODINE, APPELLANT.—
202 S. W. (2d) 912.

Springfield Court of Appeals. May 13, 1947.

Rehearing and Motion to Transfer denied June 10, 1947.

*A. C. Hayward* and *Martin Farrow* for appellant.

*W. S. Pelts* and *Herman Pufahl* for respondents.

FULBRIGHT, P. J.—For convenience in the course of this opinion we shall refer to respondents as plaintiffs and appellant as defendant.

This is an appeal by defendant from a judgment of the Greene County Circuit Court overruling defendant's motion to set aside his default judgment reviving an alleged void judgment based upon promissory notes, and to quash an execution issued thereunder. The original action was filed August 25, 1935, returnable to the September Term, 1935, and was based on two promissory notes. Summons was issued to the sheriff of Greene County and returned on September 9, 1935, being the first day of the said September Term, 1935, of said court, the sheriff's return thereon stating that he had made diligent search for but had failed to find defendant. On October 8, 1935, during said term, default judgment was rendered for a total sum of $1,002.20, said judgment reciting that "the defendant, although duly summoned by personal summons . . . fails to appear . . . but makes default."

On September 22, 1945, plaintiffs filed their petition for and there was duly issued a Writ of *Scire Facias* to revive the judgment rendered October 8, 1935. The writ was duly issued and was returned September 27, 1945, with the following return thereon:

"I hereby certify that I have served the within summons. By delivering on the 25th day of September, 1945, a copy of the summons and a copy of the petition to the within named person (to-wit) W. E. Bodine.

"All done in Polk County, Missouri.

Claude O. Hopkins,
Sheriff of Polk County, Missouri."

On January 25, 1946, a default judgment of revival was rendered in the total sum of $1,002.20 and accrued interest, said judgment being as follows:

"It is therefore considered, adjudged and ordered by the court that said judgment and the lien thereof be revived and that the plaintiffs have and recover of and from the defendant the sum of $1,002.20 and accrued interest on said judgment heretofore rendered, together the costs as set out, together with all costs of this suit expended for which execution may issue."

On June 12, 1946, a general execution was issued on said judgment and on June 17, 1946, defendant filed a motion to set aside the default revival judgment alleging that the original judgment was void for lack of jurisdiction and that the revival judgment based thereon was necessarily void. On June 26, 1946, plaintiffs filed and the court sustained their motion to dismiss defendant's motion. On July 16, 1946, defendant filed a motion to quash said execution, which is in substance as follows: that the execution issued by the clerk of the Greene County Circuit Court, June 12, 1946, to the sheriff of Polk County, Missouri, in said cause should be quashed for the reason

that the purported original judgment was and is void because at the time of its rendition said court had no jurisdiction of the defendant; that the summons issued therein and being a part of the record in said cause was not served upon defendant, the *non est* return thereon stating and showing upon its face that the sheriff was unable to find defendant. No alias summons was issued therein and defendant did not, either by person or by attorney, enter his appearance therein; that said original judgment, being void as aforesaid, may not lawfully be revived; that the alleged judgment of revival purportedly rendered by said court is void because being based solely upon said original void judgment.

On July 22, 1946, plaintiffs filed a motion to strike and dismiss said motion to quash; and on July 25, 1946, the court, of its own motion, vacated its aforesaid order of June 26th striking defendant's motion to set aside the judgment and reinstated said motion, and thereafter, on the same day, overruled said motion as well as plaintiffs' motion to strike the former. On the same day the court overruled plaintiff's motion to strike said motion to quash and on July 27, 1946, overruled defendant's motion to quash. To the action of the court overruling defendant's motion to set aside default judgment in *scire facias* and to the action of the court in overruling defendant's motion to quash defendant duly objected and excepted at the time. Notice of appeal was filed on August 3, 1946, in which it is stated that defendant, W. E. Bodine, gives notice that he ''hereby appeals to the Springfield Court of Appeals from the judgment overruling his motion to set aside default judgment rendered on January 25, 1946, and his motion to quash execution issued thereon, June 12, 1946, entered in this action on the 27th day of July, 1946. Thereafter the cause was duly appealed to this court.

. The only evidence before the court is the judgment roll or files. No extrinsic evidence or evidence *de hors* the record was introduced or offered.

The decisive question before us is whether the original judgment of the Circuit Court of Greene County against W. E. Bodine, the sole defendant, was and is wholly void for lack of jurisdiction of said defendant and therefore subject to collateral attack. It will be observed that the original suit was filed in Greene County, summons issued with the return of the sheriff there on as follows: ''Executed the within writ in Greene County, Missouri, on the 9th day of Sept. 1935, by making a diligent search for and failing to find the within named defendant, W. E. Bodine in Greene County, Missouri.'' So far as the record is concerned, and there is no evidence to the contrary, no other summons was issued and no further effort made to serve said defendant. Consequently, the judgment was wholly void for lack of jurisdiction over the defendant. State v. Porterfield, 283 S. W. 59. Furthermore, while it may be presumed in this case that

the venue was properly laid, we think it may be inferred that from the *non est* return of the sheriff in the original case and the fact that personal service was had on the defendant in Polk County upon summons issued out of the Greene County Circuit Court in the *scire facias* proceeding that the suit was not brought in the proper county. Be that as it may, the sheriff's *non est* return clearly invalidates the original judgment rendered against the defendant, notwithstanding the fact the judgment recites that personal service was had. ". . . the judgments of the circuit courts and other courts of general jurisdiction may be overthrown by other portions of their record of equal dignity and importing the same verity which demonstrates that their recitals in their judgments are untrue, and a party attacking a judgment of such a court collaterally may introduce the whole record in the given cause to show that the court had no jurisdiction, either over the person or subject-matter, and when it so appears its judgment is void." [Stark v. Kirchgraber, 186 Mo. 633, l. c. 646, 647, 85 S. W. 868, l. c. 872; Kunzi v. Hickman, 243 Mo. 103, l. c. 117, 118, 147 S. W. 1002, l. c. 1006.]

The return of the sheriff being a part and parcel of the judgment roll, a part of the record itself, may, where as in this case it shows that after making diligent search the defendant could not be found, be used to rebut the presumption arising from recitals of service contained in the judgment. [Cloud v. Pierce City, 86 Mo. 357, l. c. 366, 367; Norton v. Reed, 253 Mo. 236, l. c. 251, 252, 161 S. W. 842.] It should also be observed that the return of the sheriff is as much a part of the record as the judgment entry and that the recitals of the service contained in the judgment cannot import greater verity than the return itself shows; and if there was any other summons and return it devolved upon the plaintiff to show it. [Feurt v. Caster, 174 Mo. 289, l. c. 304, 305, 73 S. W. 576, l. c. 580.]

We agree that if and when the court has acquired jurisdiction over the person, that the judgment, if within the power of the court, is not open to collateral attack. But, as stated in the case of Williams v. Monroe, 125 Mo. 574, l. c. 584, 28 S. W. 853, l. c. 865, and quoted with approval in Feurt v. Caster, *supra*, "this doctrine, when rightly understood, does not in the least shake the authority of those decisions in this state which hold that, although the record of a court of general jurisdiction recites that defendants have been duly served with process it is competent to overthrow such recital by showing by other portions of the record, of equal dignity and importing equal verity, that such recital of service is not true." (Citing cases.) And this doctrine is upheld by the very recent case of Hirst v. Cramer, 195 S. W. (2d) 738, in which it is specifically held that the sheriff's return may be used to impeach the recital as to service contained in the judgment.

Jurisdictional defects which appear upon the face of the proceedings may be raised at any time between the parties, even in a collateral

proceeding. [34 C. J. 525, Sec. 831; 49 C. J. S. 817, Sec. 413; see also 49 C. J. S. 828, Sec. 422.] And a judgment void for lack of jurisdiction to enter it is of no force and effect whatever and may be collaterally attacked. [Hankins v. Smarr, 137 S. W. (2d) 499; Liechty v. K. C. Bridge Co., 162 S. W. (2d) 275, 1. c. 279, 280, affirming 155 S. W. (2d) 297.]

The proceedings on the writ of *scire facias* to revive the judgment is not a new suit but a continuation of the original action, merely anciliary thereto and is based on the original proceeding. [Littlefield v. Ramsey, 181 Mo. 613, 1. c. 621, 80 S. W. 949, 1. c. 951; Hudson v. Wright, 204 Mo. 412, 1. c. 425, 103 S. W. 8, 1. c. 12; City of St. Louis v. Miller, 145 S. W. (2d) 504.] Therefore, since the judgment in *scire facias* was based upon the proceedings and judgment in the original case, and especially upon the judgment rendered therein, it would possess no more force and effect than the original judgment which was a nullity, wholly void and worthless. It was still-born and we know of no magic of the law, *scire facias* or otherwise, that could revive, renew or prolong life in that which never had life. If the original judgment was void the same would be true of the revived judgment because the judgment revived would necessarily be of the same quality and dignity of the original judgment, neither greater nor less. [City of St. Louis v. Koch, 156 S. W. (2d) loc. cit. 5.]

Plaintiffs cite several cases in support of their contention that since the judgment imports absolute verity it cannot be attacked in a collateral proceeding, one of which is State v. Producers Gravel Co., 111 S. W. (2d) 521, 1. c. 523. As we view this, and the other cases cited, they are not in point, since in the case at bar the judgment roll shows positively that no service, defective or otherwise, was had on defendant, that the court had no jurisdiction over the defendant and flatly contradicts the recital in the judgment as to service.

Plaintiffs also contend that since defendant was actually personally served in the *scire facias* proceeding and failed to appear, that he has had his day in court, cannot be heard to complain and is estopped forever. In support of this contention the following cases are cited: [Wood v. Ellis, 10 Mo. 383, 1. c. 384, 385; Ellis v. Jones, 51 Mo. 180, 1. c. 187; George v. Middough, 62 Mo. 549, 1. c. 551.] We have closely examined each of these cases and do not find even a remote similarity in the facts to those in the instant case and do not consider them controlling. In the case before us the judgment roll, standing alone, shows an absolute lack of jurisdiction, and personal service had in the *scire facias* proceeding cannot revert back to or supply the lack of service in the original proceeding thereby giving the court jurisdiction of the defendant which obviously it never had.

It is our conclusion that the court should have sustained either defendant's motion to strike the revival judgment, or his motion to

882

quash the execution. It necessarily follows that the judgment herein should be reversed. It is so ordered. *Blair, J.,* and *Vandeventer, J.,* concur.